**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 11, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CARLOS GASCA, also known as
Chino,

Defendant-Appellant.

No. 06-3432

(D. Kansas)

(D.C. Nos. 06-CV-3130-JWL and
03-CR-20085-JWL)

---

**ORDER**

---

Before **HENRY**, **TYMKOVICH,** and **HOLMES**, Circuit Judges.

---

Carlos Gasca seeks a certificate of appealability ("COA") to appeal the

district court's order denying his 28 U.S.C. § 2255 petition to vacate, modify, or

set aside his sentence. In his § 2255 petition, Mr. Gasca alleged ineffective

assistance of counsel in the negotiation of his plea agreement. For substantially

the same reasons set forth by the district court, we agree that Mr. Gasca is not

entitled to a COA, and we dismiss this appeal.

I. BACKGROUND

In July 2003, a federal grand jury returned an indictment charging Mr.

Gasca with conspiracy to distribute and possess with intent to distribute

methamphetamine (count 1), marijuana (count 2), and cocaine (count 3), in

violation of 21 U.S.C. §§ 841(a)(1) and 846. In August 2004, prior to the completion of the government's case at trial, Mr. Gasca agree to plead guilty to count 1 of the indictment.

Mr. Gasca's plea agreement stated:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal the conviction or a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir.2001) ]. In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).
>
> . . . .
>
> The defendant agrees to waive any rights that may have been conferred under Blakely v. Washington, 2004 WL 1402697 (June 24, 2004), and agrees to have his sentence in this case determined under the U.S. Sentencing Guidelines (Guidelines). The defendant further waives any right to have facts that determine the offense level under the Guidelines alleged in an indictment and found by a jury beyond a reasonable doubt; agrees that facts that

-2-

> determine the offense level will be found by the Court at sentencing by a preponderance of the evidence and agrees that the court may consider any reliable evidence, including hearsay; and the defendant agrees to waive all constitutional challenges to the validity of the Guidelines.
>
> . . . .
>
> This plea agreement was interpreted into Spanish for the defendant by Marcella Renna in the presence of my attorney Scott Gyllenborg. Ms. Renna is a federally-certified interpreter of Spanish.

Rec. doc. 242, at 2-3 (Government's Motion Requesting Enforcement of the Plea Agreement) (quoting Plea Agreement, Rec. doc. 150, at ¶¶ 11, 12, and 17).

At the change of plea proceeding, the district court informed Mr. Gasca of the maximum penalty for offense to which he had pleaded guilty: life imprisonment followed by a term of supervised release and a fine of $4,000,000. The court also informed Mr. Gasca of the statutory minimum of ten years' imprisonment.

In response to the court's inquiries, Mr. Gasca stated that he had talked to his attorney about how the Sentencing Guidelines might apply. The court then explained:

> I will not be able to determine the guideline sentence for your case until a presentence report has been prepared by the probation officers of the court. And you and the government have had an opportunity to challenge or contest the facts reported to me by the probation office, and also to challenge or contest the recommended application of the sentencing guidelines by the probation

office. So that the sentence might be different from any estimate that you have received.

Id. at 6 (quoting Tr. of Aug. 12, 2004 Plea Hr'g at 4-8). The court added that "[u]nder some circumstances, I would have the authority to depart from the guidelines, and I could impose a sentence that is more severe or less severe than the sentence called for by the guidelines." Id.

Mr. Gasca indicated that he understood these aspects of the Guideline sentencing scheme. He told the court that he was satisfied with the services of his counsel.

The court sentenced Mr. Gasca to a term of 360 months' imprisonment. Mr. Gasca filed a notice of appeal, but this court dismissed the appeal after the government moved to enforce the waiver-of-appeal provision of the plea agreement. Subsequently, Mr. Gasca filed the instant 28 U.S.C. § 2255 motion, alleging that he had received ineffective assistance of counsel in negotiation of the plea agreement. In particular, Mr. Gasca asserted that his counsel: (1) failed to explain the effect of the Sentencing Guidelines, including the possibility of a 360-month sentence; and (2) failed to explain the waiver of appeal provision in the plea agreement. Mr. Gasca further alleged that (3) because he did not speak English and the plea agreement "was translated to him in summary fashion and not verbatim," he did not understand that the minimum sentence was ten years and that the Guidelines authorized a sentence of 360 months. Rec. doc. 240, at 2.

The government responded by filing a motion to enforce the provision of the plea agreement waiving the right to collaterally attack the conviction and sentence. After Mr. Gasca failed to file a timely response, the district court granted government's motion and subsequently denied Mr. Gasca's application for a COA. Filing an application for a COA with this court, Mr. Gasca now seeks to appeal the district court's ruling.

## II. DISCUSSION

In order to obtain a COA, Mr. Gasca must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Gasca may make this showing by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." Id. at 338.

Here, for substantially the same reasons set forth by the district court in its October 26, 2006 order, we conclude that Mr. Gasca is not entitled to a COA. As the district court observed, provisions in plea agreements waiving the right to

appeal and collaterally attack a conviction and sentence are enforceable if (a) the disputed issue falls within the scope of the waiver; (b) the defendant knowingly and voluntarily waived his rights; and (c) the waiver will not result in a miscarriage of justice. See United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc). However, despite a waiver provision in a plea agreement, a defendant may still overcome a waiver provision if he establishes that he received ineffective assistance in the negotiation of the plea agreement. In assessing an allegation of ineffective assistance of counsel in this context, we must examine "the factual circumstances surrounding the plea to determine whether [but for counsel's errors], the petitioner would have proceeded to trial." Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir. 2001).

Mr. Gasca argues that the waiver provisions of the plea agreement should not be enforced because his counsel did not explain the potential sentence and the waiver provisions of the plea agreement. However, the transcript of the change-of-plea proceeding indicates that the district court explained both matters and that Mr. Gasca stated that understood them. Moreover, Mr. Gasca's counsel has submitted an affidavit stating that "I am satisfied that the entire document [the plea agreement] was read in Spanish to Mr. Gasca in my presence." Rec. doc. 242 attach. A. In light of the district court's explanations, Mr. Gasca has failed to assert a colorable claim of ineffective assistance of counsel that would vitiate the plea agreement.

Accordingly, we DENY Mr. Gasca's application for a COA and DISMISS this appeal.

Entered for the Court,


Robert H. Henry
Circuit Judge