FILED
United States Court of Appeals
Tenth Circuit

May 18, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

CARLOS GASCA, also known as
Chino,

      Defendant - Appellant.

No. 08-3341
(D.C. No. 03-CR-20085-JWL-2)
(D. Kan.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

---

Defendant-Appellant Carlos Gasca, appearing pro se, seeks to have this court reopen his previously unsuccessful habeas corpus action. Mr. Gasca pled guilty on August 12, 2004 to one count of conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846. 1 R. Doc. 205 at 1. The district court sentenced him to 360 months' imprisonment after engaging in a colloquy with Mr. Gasca to determine that his plea was knowing and voluntary. 1 R. Doc. 205 at 2; 2 R. Doc. 247 at 4-10. Mr. Gasca appealed, but we dismissed the appeal and granted the government's motion to enforce its plea agreement with Mr. Gasca, which included a waiver of rights to

appeal and collaterally attack his sentence. 1 R. Doc. 230. Mr. Gasca then filed a petition for habeas relief under 28 U.S.C. § 2255, which the district court denied. 1 R. Doc. 250. Mr. Gasca sought to appeal that order and we denied him a certificate of appealability ("COA") and dismissed his appeal. United States v. Gasca, 236 F. App'x 459 (10th Cir. 2007).

Mr. Gasca then filed a Fed. R. Civ. P. 60(b) motion, requesting that the district court reopen his prior habeas action. 1 R. Doc. 278. The district court construed the "bulk of the claims" as a second or successive § 2255 motion because they addressed the merits of his prior § 2255 motion, but treated Mr. Gasca's arguments that (1) he was prejudiced by his attorney's suspension from practicing law, and (2) entitled to an evidentiary hearing on his § 2255 motion as a "true" Rule 60(b) challenge. United States v. Gasca, 2008 WL 5046343, at *2 (D. Kan. 2008). The district court dismissed the claims it construed as a second § 2255 motion and denied the "true" Rule 60(b) motion. Id. at *2-4.

Mr. Gasca now attempts to appeal from the denial of his Rule 60(b) motion. To do so, he needs a COA. Spitznas v. Boone, 464 F.3d 1213, 1217-18 (10th Cir. 2006). Because we find that Mr. Gasca has not made a "substantial showing of the denial of a constitutional right" regarding that portion of the order denying the "true" Rule 60(b) motion, we deny a COA. 28 U.S.C. § 2253(c)(2). We also vacate the district court's order insofar it treats certain § 2255 claims as falling under Rule 60(b).

<u>Discussion</u>

We have previously set forth the rules governing appeals from Rule 60(b) motions in the context of habeas petitions. When faced with a Rule 60(b) motion filed in response to the denial of a petition for habeas relief, the district court must first determine whether the motion "should be treated as a second or successive habeas petition [or whether] it should be treated as a 'true' 60(b) motion." <u>Spitznas</u>, 464 F.3d at 1215. Under <u>Gonzalez v. Crosby</u>, 545 U.S. 524 (2005), a Rule 60(b) motion is a second or successive petition if it "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." <u>Spitznas</u>, 464 F.3d at 1215. "Conversely, it is a 'true' 60(b) motion if it . . . challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application." <u>Id.</u> at 1215-16.

Here, we are persuaded that the entirety of the purported Rule 60(b) motion is actually a second or successive habeas petition. It is clear from Mr. Gasca's brief that he is simply attacking the court's previous resolution of his claim on the merits—that he received ineffective assistance and that the plea and waiver were not knowing and intelligent. This is an attack on the merits, as it raises the issue of whether grounds exist entitling Mr. Gasca to habeas corpus relief from his underlying conviction. <u>See</u> <u>Gonzalez</u>, 545 U.S at 532 & n.4; <u>Spitznas</u>, 464 F.3d at 1215.

Mr. Gasca may not present these claims in the district court unless he obtains authorization to do so from this court in accordance with 28 U.S.C. § 2255(h). See In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008). Because Mr. Gasca never obtained such authorization, the district court lacked jurisdiction over the entire matter. See United States v. Nelson, 465 F.3d 1145, 1149 (10th Cir. 2006) ("[I]f the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading."). Accordingly, we VACATE the district court's order insofar as it treats the motion as falling under Rule 60(b), and DENY a COA.[1]

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[1] None of Mr. Gasca's claims meet the authorization standards set forth in § 2255(h) for a second or successive petition; accordingly, there is no basis for remanding the matter to the district court. See In re Cline, 531 F.3d at 1253.

- 4 -