FILED
United States Court of Appeals
Tenth Circuit

November 25, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CARLOS GASCA, a/k/a Chino,

Defendant-Appellant.

No. 13-3227
(D.C. Nos. 2:13-CV-02435-JWL &
2:03-CR-20085-JWL-2)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, Chief Judge, **EBEL** and **BACHARACH**, Circuit Judges.

Carlos Gasca, a federal prisoner proceeding pro se, seeks a certificate

of appealability (COA) to appeal the district court's decision dismissing for lack of

jurisdiction his second motion for relief under 28 U.S.C. § 2255. We deny a COA

and dismiss this matter.

In 2004, Mr. Gasca pleaded guilty to conspiracy to possess with intent to

distribute methamphetamine. He was sentenced to 360 months' imprisonment. He

filed an appeal, but we dismissed it because he had waived his appellate rights in his

plea agreement. In 2006, he filed a § 2255 motion to vacate, set aside or correct his

---

[*]    This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentence. The district court denied the motion, and we denied his request for a COA. *See United States v. Gasca*, 236 F. App'x 459, 460 (10th Cir. 2007).

In August 2013, Mr. Gasca filed a second § 2255 motion. The district court concluded that this motion was an unauthorized second or successive § 2255 motion and dismissed it for lack of jurisdiction. Mr. Gasca now seeks a COA to appeal from that decision.

To obtain a COA, Mr. Gasca must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *id*. § 2255(h). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

In his second § 2255 motion, Mr. Gasca argued that he was entitled to relief from his sentence based on the Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). As the district court correctly explained, however, Mr. Gasca had already filed one § 2255 motion, and he was therefore required to obtain authorization from this court before he could file a second § 2255 motion. Because he had not done so, the district court dismissed the motion for lack of jurisdiction. *See Cline*, 531 F.3d at 1251.

The district court also concluded that it was not in the interest of justice to transfer the motion to this court because Mr. Gasca's claim was not likely to have merit. As the district court noted, *Alleyne* has not been made retroactive to cases on collateral review. *See* R., Vol. 1 at 59 (citing *Simpson v. United States*, 721 F.3d 875, 876-77 (7th Cir. 2013)). We recently joined the Seventh Circuit in holding that *Alleyne* does not meet the standard for authorizing second or successive claims because the Supreme Court has not made *Alleyne* retroactive to cases on collateral review as required by § 2255(h)(2). *See In re Payne*, ____ F.3d ____, 2013 WL 5200425, at *1-2 (10th Cir. Sept. 17, 2013).

Reasonable jurists could not debate that the district court was correct in its procedural ruling to dismiss Mr. Gasca's second § 2255 motion for lack of jurisdiction. Accordingly, we deny a COA and dismiss this matter.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

- 3 -