In the

# United States Court of Appeals

### For the Seventh Circuit

No. 13-2373

LEVENCE SIMPSON,

*Applicant*,

*v.*

UNITED STATES OF AMERICA,

*Respondent*.

Application for an Order Authorizing a District Court
to Entertain a Successive Petition for Collateral Relief

SUBMITTED JUNE 27, 2013—DECIDED JULY 10, 2013

Before EASTERBROOK, *Chief Judge*, and FLAUM and RIPPLE, Circuit Judges.

EASTERBROOK, *Chief Judge*. Levence Simpson was convicted of drug offenses and sentenced to 240 months' imprisonment, which the district court found to be the statutory minimum. See 21 U.S.C. §841(b)(1)(A). We affirmed. 337 F.3d 905 (7th Cir. 2003). Simpson filed and lost a collateral attack under 28 U.S.C. §2255, in which he contended that his lawyer had furnished ineffective assistance. 2006 U.S. Dist. LEXIS 27409 (C.D. Ill. May 9,

2006), application for certificate of appealability denied, 2006 U.S. Dist. LEXIS 59450 (C.D. Ill. Aug. 22, 2006). Three. years later he filed a second collateral attack, which the district court dismissed as lacking the required appellate authorization. 2009 U.S. Dist. LEXIS 113836 (C.D. Ill. Dec. 7, 2009).

At the time of Simpson's sentencing, either the judge or the jury could decide whether a defendant's conduct met the requirements for a mandatory minimum sentence. *Harris v. United States*, 536 U.S. 545 (2002). But *Alleyne v. United States*, No. 11-9335 (U.S. June 17, 2013), overrules *Harris* and holds that a judge cannot make this decision unless the defendant waives his entitlement to a jury. (A jury also is unnecessary if the defendant admits facts that require a minimum sentence, but Simpson did not do that.) Simpson contends that *Alleyne* entitles him to pursue a second collateral attack because it establishes a new constitutional rule. 28 U.S.C. §2255(h)(2).

Simpson proposes another attack on the quality of his legal assistance, which is barred by 28 U.S.C. §2244(b)(1). See *Bennett v. United States*, 119 F.3d 470 (7th Cir. 1997). But he also seeks permission to make a claim resting directly on the jury clause of the sixth amendment, the basis of *Alleyne*. That theory is unaffected by §2244(b)(1).

*Alleyne* establishes a new rule of constitutional law. But we deny Simpson's application nonetheless, for two reasons.

First, §2255(h)(2) applies only when the new rule has been "made retroactive to cases on collateral review by

the Supreme Court". The declaration of retroactivity must come from the Justices. See *Dodd v. United States*, 545 U.S. 353 (2005); *Tyler v. Cain*, 533 U.S. 656 (2001). The Court resolved *Alleyne* on direct rather than collateral review. It did not declare that its new rule applies retroactively on collateral attack.

*Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Justices have decided that other rules based on *Apprendi* do not apply retroactively on collateral review. See *Schriro v. Summerlin*, 542 U.S. 348 (2004). This implies that the Court will not declare *Alleyne* to be retroactive. See also *Curtis v. United States*, 294 F.3d 841 (7th Cir. 2002) (*Apprendi* itself is not retroactive). But the decision is the Supreme Court's, not ours, to make. Unless the Justices themselves decide that *Alleyne* applies retroactively on collateral review, we cannot authorize a successive collateral attack based on §2255(h)(2) or the equivalent rule for state prisoners, 28 U.S.C. §2244(b)(2)(A).

Second, Simpson could not benefit even if *Alleyne* already had been declared retroactive, because the jury in his case returned a special verdict finding that he conspired to distribute more than one kilogram of heroin and more than 50 grams of crack. The judge later estimated his relevant conduct at 3.4 kilograms of heroin and 300 grams of crack, but the jury's verdict by itself requires a 240-month minimum sentence under §841(b)(1)(A) as it stood when Simpson committed his crimes.

The application therefore must be denied. Simpson has asked us to give him 30 days to file a supplemental

memorandum supporting his application, but delay would be both pointless (the two reasons we have given are independently fatal to his application) and unlawful: Congress requires courts to act within 30 days on requests to file additional collateral attacks. 28 U.S.C. §2244(b)(2)(D). We are not authorized to extend such deadlines. See, e.g., *Miller v. French*, 530 U.S. 327 (2000).

The motion for additional time to file a memorandum is denied. The application for leave to file another collateral attack is dismissed.