FILED
United States Court of Appeals
Tenth Circuit

September 17, 2013

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re: JAMES EDWARD PAYNE,

　　Movant.

No. 13-5103
(D.C. Nos. 4:05-CV-00113-HDC-SAJ &
4:02-CR-00063-CVE-4)
(N.D. Okla.)

---

**ORDER**

---

Before **TYMKOVICH**, **EBEL**, and **O'BRIEN**, Circuit Judges.

---

James Edward Payne moves for authorization to file a second or successive motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. We deny authorization.

In 2003, Mr. Payne pled guilty to conspiracy to manufacture less than fifty grams of a mixture or substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. He was sentenced to 240 months' of imprisonment. Although he did not appeal, he filed, in February 2005, a § 2255 motion asserting that his counsel was ineffective, his change of plea and sentencing hearing violated Federal Rule of Civil Procedure 11, he never conceded any amount of methamphetamine beyond the amount set out in the plea agreement, the district court improperly found certain facts contrary to the plea agreement that increased his

punishment, and he asked trial counsel to file a notice of appeal, but counsel did not do so. The district court dismissed all claims except the failure-to-file-a-notice-of-appeal claim as barred by the plea agreement. After holding an evidentiary hearing on that claim, the district court denied § 2255 relief. We dismissed Mr. Payne's appeal for failure to prosecute.

Mr. Payne now seeks authorization to file a second or successive § 2255 motion to challenge his sentence. He asserts that the district court improperly imposed a 240-month sentence based on drug quantities not alleged in the information and his sentence should be corrected to fall within the guidelines range of fifty-seven to seventy-one months of imprisonment. He contends that the Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), entitles him to authorization.

We will grant authorization when a second or successive § 2255 claim is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). *Alleyne*, however, does not fully meet these requirements.

*Alleyne* overruled prior Supreme Court case law and held that under the Sixth Amendment:

> Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

- 2 -

133 S. Ct. at 2155 (citation omitted).  Although Mr. Payne asserts that *Alleyne* is not a new rule of law and instead re-establishes prior Sixth Amendment law, we agree with the Seventh Circuit that *Alleyne* actually does set forth "a new rule of constitutional law," *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013).  But this new rule of constitutional law has not been "made retroactive to cases on collateral review by the Supreme Court."  28 U.S.C. § 2255(h)(2).  The Supreme Court has concluded that "'made' means 'held' and thus, the requirement is satisfied only if th[e] Court has held that the new rule is retroactively applicable to cases on collateral review."  *Tyler v. Cain*, 533 U.S. 656, 662 (2001).  The Court has not held that *Alleyne* applies retroactively to cases on collateral review.  Further, "[t]he Court resolved *Alleyne* on direct rather than collateral review."  *Simpson*, 721 F.3d at 876.  We agree with the Seventh Circuit that:

> *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  The Justices have decided that other rules based on *Apprendi* do not apply retroactively on collateral review.  *See Schriro v. Summerlin*, 542 U.S. 348 (2004).  This implies that the Court will not declare *Alleyne* to be retroactive.  . . .  Unless the Justices themselves decide that *Alleyne* applies retroactively on collateral review, we cannot authorize a successive collateral attack based on § 2255(h)(2).

*Simpson*, 721 F.3d at 876.[1]  *See generally Browning v. United States*, 241 F.3d 1262, 1266 (10th Cir. 2001) (declining to authorize second or successive § 2255 motion because Supreme Court has not made *Apprendi* retroactive).

---

[1]    Even if the Supreme Court had decided that *Alleyne* applied retroactively to cases on collateral review, we would still deny authorization.  "*Apprendi* concluded

(continued)

Accordingly, we deny Mr. Payne authorization to file a second or successive § 2255 motion. This denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

---

that any 'facts that increase the prescribed range of penalties to which a criminal defendant is exposed' are elements of the crime." *Alleyne*, 133 S. Ct. at 2160 (quoting *Apprendi*, 530 U.S. at 490). In this case, there were no facts that increased the range of penalties. The plea agreement in this case indicated that the statutory maximum penalty was twenty years of imprisonment, *see* 21 U.S.C. § 841(b)(1)(C); that Mr. Payne understood the district court could impose the statutory maximum; and that sentencing was a matter for the court's discretion. By choosing to exercise its discretion to impose the statutory maximum, the court did not violate the Sixth Amendment. *See id.* at 2163.