13-2971
United States v. Redd (Shue)

# UNITED STATES COURT OF APPEALS

# FOR THE SECOND CIRCUIT

August Term, 2013

(Decided: November 5, 2013)

Docket No. 13-2971

_____

United States of America,

Appellee,

v.

Michael Redd, Eric Barbour, AKA "E",

Defendants,

Peter Shue,

Defendant-Appellant.

_____

Before:      Jacobs and Straub, Circuit Judges, Pauley, District Judge[1]

Pro se motion to recall mandates is deemed a successive motion and denied because Alleyne v. United States, 133 S. Ct. 2151 (2013), does not

---

[1] The Honorable William H. Pauley III, of the United States District Court for the Southern District of New York, sitting by designation.

announce a new rule of Constitutional law that has been made retroactive by the Supreme Court.

For Peter Shue:                    Peter Shue,
                                   Glenville, WV

**PER CURIAM**:

Peter Shue, <u>pro se</u>, moves to recall this Court's mandates related to his conviction, and to reinstate his direct appeal in order to seek relief under the Supreme Court's recent holding in <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013). He also seeks appointment of counsel. For the reasons stated below, we construe his motion as one for leave to file a successive 28 U.S.C. § 2255 motion, deny it, and deny his motion for appointment of counsel as moot.

I

Shue was convicted after a jury trial in 1996 of cocaine offenses (conspiracy and attempted distribution) and related gun possession, and sentenced principally to 296 months' imprisonment. This Court affirmed his conviction, <u>United States v. Redd</u>, 116 F.3d 1472, 1997 WL 346147 (Table) (2d Cir. 1997), and affirmed the denial of his motion for a new trial pursuant to Federal Rule of Criminal Procedure 33, <u>United States v. Shue</u>, 201 F.3d 433,

1999 WL 1069977 (Table) (2d Cir. 1999).

Shue's 2001 motion to vacate his conviction pursuant to § 2255 was denied as time-barred. This Court subsequently denied his two motions for leave to file successive § 2255 motions.

Shue's present motion--to recall our mandates and reinstate his direct appeal--argues that his sentence is unconstitutional in light of the Supreme Court's holding in <u>Alleyne</u> that "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to the jury" and proved beyond a reasonable doubt. 133 S. Ct. at 2155. Shue contends that the district court violated the principle later announced in <u>Alleyne</u> by finding the type and quantity of drugs involved by only a preponderance of the evidence.

**II**

"Our power to recall a mandate is unquestioned." <u>Sargent v. Columbia Forest Prods., Inc.</u>, 75 F.3d 86, 89 (2d Cir. 1996). However, this power must be "exercised sparingly," <u>id.</u>, and "only in exceptional circumstances," <u>Fine v. Bellefonte Underwriters Ins. Co.</u>, 758 F.2d 50, 53 (2d Cir. 1985). "'The sparing use of the power demonstrates it is one of last resort, to be held in reserve against grave, unforeseen contingencies.'" <u>British Int'l Ins. Co. v. Seguros La</u>

Republica, S.A., 354 F.3d 120, 123 (2d Cir. 2003) (quoting Calderon v. Thompson, 523 U.S. 538, 549-50 (1998)). This restraint is justified by the "need to preserve finality in judicial proceedings." Sargent, 75 F.3d at 89.

"[W]hen a defendant moves to recall the mandate based on intervening precedent that calls into question the merits of the decision affirming his conviction, we construe the motion as one to vacate the defendant's sentence pursuant to 28 U.S.C. § 2255." United States v. Fabian, 555 F.3d 66, 68 (2d Cir. 2009). See also Bottone v. United States, 350 F.3d 59, 63 (2d Cir. 2003) (stating that a criminal defendant "cannot evade the successive petition restrictions of 28 U.S.C. § 2255 . . . by framing his claims as a motion to recall the mandate"). Accordingly, we treat Shue's motion as one seeking relief under § 2255.

Shue already challenged his conviction and sentence in a § 2255 motion. His prior motion raised claims regarding the same criminal judgment, see Johnson v. United States, 623 F.3d 41, 45-46 (2d Cir. 2010), and was decided on the merits when it was dismissed as time-barred, see Quezada v. Smith, 624 F.3d 514, 516, 519 (2d Cir. 2010). So, his new motion is a successive § 2255 motion.

The Anti-Terrorism and Effective Death Penalty Act of 1996 creates "a

4

gatekeeping mechanism, by which circuit courts were assigned the task of deciding in the first instance whether a successive federal habeas corpus application could proceed." Haouari v. United States, 510 F.3d 350, 352 (2d Cir. 2007). A successive § 2255 motion is authorized only if it is based on "newly discovered evidence," or on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[2] 28 U.S.C. § 2255(h). Shue posits that Alleyne announced a new rule of constitutional law because it overruled Harris v. United States, 536 U.S. 545 (2002).[3]

We cannot authorize Shue's collateral attack. Shue contends that the Supreme Court announced a new rule of law in Alleyne. That may be. See Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013) (holding that Alleyne announced a new rule of law). But "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." Tyler v. Cain, 533 U.S. 656, 663 (2001). The Supreme Court announced the

---

[2] Shue does not argue that his motion is based on newly discovered evidence.

[3] Alleyne is progeny of Apprendi v. New Jersey, which held that any fact that increased a statutory maximum sentence must be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. 466 (2000).

*Alleyne* rule on a direct appeal without expressly holding it to be retroactive to cases on collateral review.  See generally *Alleyne*, 133 S. Ct. 2151.

The Supreme Court has left open the possibility that "with the right combination of holdings," it could make a new rule retroactive over the course of two or more cases, but "only if the holdings in those cases necessarily dictate retroactivity of the new rule." *Tyler*, 533 U.S. at 666.  "The clearest instance, of course, in which [the Supreme Court] can be said to have 'made' a new rule retroactive is where [it has] expressly held the new rule to be retroactive in a case of collateral review and applied the rule to that case." *Id.* at 668 (O'Connor, J., concurring).  It has not done so here; none of the dozen or so cases that the Supreme Court remanded for further proceedings in light of *Alleyne* involved collateral attacks on convictions.

Alternatively, the Supreme Court could also make a new rule of law retroactive by placing it within a category of cases previously held to be retroactive.  See *id.* at 666; *id.* at 668-69 (O'Connor, J., concurring).  There are two such categories: new substantive rules that place "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe"; and new procedural rules that "are implicit in the

6

concept of ordered liberty." Teague v. Lane, 489 U.S. 288, 311 (1989) (citations and quotations omitted); see Chaidez v. United States, 133 S. Ct. 1103, 1107 n.3 (2013) (continuing to recognize only the two Teague exceptions). The latter category is reserved for "watershed rules of criminal procedure" which "'alter our understanding of the bedrock procedural elements'" of the adjudicatory process. Teague, 489 U.S. at 311 (quoting Mackey v. United States, 401 U.S. 667, 693 (1971) (Harlan, J., concurring)).

Alleyne falls within neither category. Our sister Circuits that have decided this issue are in accord. See In re Payne, No. 13-5103, -- F.3d --, 2013 WL 5200425 (10th Cir. Sept. 17, 2013); Simpson, 721 F.3d at 876. See also United States v. Stewart, No. 13-6775, -- F. App'x --, 2013 WL 5397401 (4th Cir. Sept. 27, 2013). Accordingly, Alleyne did not announce a new rule of law made retroactive on collateral review. As a result, Shue's motion--construed as a § 2255 motion--is denied.

We have examined Shue's remaining contentions and find them to be without merit. Because none of his claims will proceed, we deny his motion for appointment of counsel as moot.

For the foregoing reasons, Shue's motions are denied.