FILED
United States Court of Appeals
Tenth Circuit

May 28, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA; and
MARION FEATHER, Warden,

    Plaintiffs - Appellees,

v.

JOE DEE STANG,

    Defendant - Appellant.

No. 13-4180
(D.C. Nos. 2:13-CV-00935-TS &
2:10-CR-00712-TS)
(D. of Utah)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Joe Dee Stang, a federal prisoner proceeding *pro se*, seeks a certificate of

appealability (COA) to appeal the district court's order denying his habeas

petition under 28 U.S.C. § 2255 as untimely. He contends his sentence should be

vacated based on the Supreme Court's decision in *Alleyne v. United States*, 133 S.

Ct. 2151 (2013), which he asked be applied retroactively to his case. Stang also

moves to proceed *in forma pauperis* (IFP).

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253, we DENY a COA and DISMISS the appeal. We do, however, grant Stang's request to proceed IFP.

## I. Background

Stang pleaded guilty to Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) and using, carrying and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). On January 4, 2012, the district court sentenced Stang to 300 months imprisonment, the mandatory minimum for the second crime. Judgment was entered one day later on January 5, 2012. Stang did not file a direct appeal.

On October 10, 2013, Stang filed a motion under 28 U.S.C. § 2255 seeking to vacate his conviction and sentence on the grounds that *Alleyne* applied retroactively to his case. The district court denied Stang's § 2255 motion as untimely because (1) it was filed outside the one-year statute of limitations period under § 2255(f)(1); and (2) § 2255(f)(3) did not provide the applicable date for the limitations period to begin running because *Alleyne* did not apply retroactively to cases on collateral review. This appeal followed.

## II. Discussion

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), "[t]he issuance of a COA is a jurisdictional prerequisite to an appeal" from the district court's denial of habeas relief. *United States v. Gonzalez*, 596 F.3d 1228, 1241

-2-

(10th Cir. 2010).  When, as here, the district court denies the habeas petition on procedural grounds, a COA can issue only when the prisoner demonstrates that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Pursuant to § 2255, a federal prisoner has one year from the latest of several dates to file a motion attacking his sentence.  In most instances, the applicable date is the day on which the conviction became final.  28 U.S.C. § 2255(f)(1); *see also Clay v. United States*, 537 U.S. 522, 524 (2003).  If a defendant does not file a direct appeal, the criminal conviction becomes final when the time in which to take a direct criminal appeal has expired.  *United States v. Prows*, 448 F.3d 1223, 1227–28 (10th Cir. 2006).  Because Stang's time in which to take a direct appeal expired on January 19, 2013,[1] his October 10, 2013 § 2255 motion was not filed within the one-year time period after his conviction became final and is therefore time-barred under § 2255(f)(1).

Stang argues that his petition was timely under § 2255(f)(3) because the one-year limitations period may also run from "the date on which the right

---

[1]  Federal Rule of Appellate Procedure 4(b)(1)(a)(i) requires a notice of appeal to be filed within 14 days of the entry of judgment.  In this case, the entry of judgment on January 5, 2012, means that the conviction became final on January 19, 2012.

asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3). Stang contends that the Supreme Court's decision in *Alleyne*, which was decided on June 17, 2013, created a new rule for the purposes of § 2255(f)(3).

We disagree. We have held that, although the Supreme Court in *Alleyne* did recognize a new rule of constitutional law, the Supreme Court did not hold that the new rule was retroactively applicable to cases on collateral review. *In re Payne*, 733 F.3d 1027, 1029–30 (10th Cir. 2013). Thus, no reasonable jurist could debate the district court's conclusion that the limitations period in § 2255(f)(3) did not apply here, and Stang's motion was untimely under § 2255(f)(1).

## III.  Conclusion

For the foregoing reasons, we GRANT leave to proceed IFP but DENY Stang's application for a COA and DISMISS his appeal.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge