RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 14a0129p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

In re: ANTHONY MAZZIO,

                *Movant*.

                    No. 13-2350

On Motion for Authorization to File a Second or
Successive Motion under 28 U.S.C. § 2255.
No. 2:99-cr-80425-2—Robert H. Cleland, District Judge.

Decided and Filed: June 24, 2014

Before: SUHRHEINRICH, MOORE, and WHITE, Circuit Judges.

───────────────

### COUNSEL

**ON BRIEF:** Corbett O'Meara, Detroit, Michigan, for Movant. Anjali Prasa, UNITED STATES ATTORNEY'S OFFICE, Detroit, Michigan, for Respondent.

───────────────

### OPINION

───────────────

KAREN NELSON MOORE, Circuit Judge. Anthony Mazzio, a federal prisoner serving two concurrent 240-month prison sentences for drug distribution, seeks our authorization to file a second or successive petition under 28 U.S.C. § 2255. Mazzio relies on the Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), claiming that he is entitled to relief because the factual basis on which his mandatory-minimum, twenty-year sentence was imposed was not found by a jury. *See id.* at 2158 (Thomas, J., plurality opinion) ("Facts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt."). However, in order to secure review of the substantive claim, "[a] second or successive motion must . . . contain . . . a new rule of

1

constitutional law, *made retroactive to cases on collateral review by the Supreme Court*, that was previously unavailable." 28 U.S.C. § 2255(h)(2) (emphasis added). Because *Alleyne* has not been made retroactive to cases on collateral review by the Supreme Court, we **DENY** the motion for authorization to file a second or successive § 2255 petition.

## I. BACKGROUND

On November 19, 1999, Anthony Mazzio was convicted of possession with intent to distribute cocaine and of conspiracy to do the same. *See* 21 U.S.C. §§ 841, 846. Because Mazzio previously had been convicted of a felony drug offense and because the sentencing judge found that Mazzio was in possession of five or more kilograms of cocaine, he was subject to a mandatory-minimum, 240-month sentence. *See United States v. Mazzio*, 48 F. App'x 120, 127 & n.7 (6th Cir. 2002). As a result, he was sentenced to serve two concurrent 240-month terms of imprisonment followed by ten years of supervised release. The convictions and sentences were affirmed by this court on September 27, 2002. *Id.* at 130–31.

On April 5, 2004, Mazzio filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence based on ineffective assistance of counsel in advising Mazzio against taking a plea which would have capped his sentence at ten years of imprisonment. R. 96 (Mot. Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody) (Page ID #59–73). The district court denied the motion on November 30, 2006, R. 130 (Order Denying Pet'r's "Motion To Vacate, Set Aside, or Correct . . . Sentence") (Page ID #207–61), and declined to issue a Certificate of Appealability on August 7, 2007, R. 139 (Opinion and Order Declining To Issue a Certificate of Appealability for the Court's Nov. 30, 2006 Opinion and Order) (Page ID #278–81). On December 11, 2007, this court dismissed Mazzio's appeal of those orders for failure to comply with Federal Rule of Appellate Procedure 4(a) because he did not file timely his notice of appeal. R. 140 (Order) (Page ID #282–83).

On October 8, 2013, Mazzio filed this motion pursuant to 28 U.S.C. § 2244 for authorization to file a second or successive motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255.

## II. DISCUSSION

In his motion and briefing, Mazzio claims that he is entitled to relief because the factual basis for his mandatory-minimum sentence was not found by a jury.[1]  Mazzio points to the Supreme Court's recent *Alleyne* decision in which a plurality stated "[f]acts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt," *Alleyne*, 133 S. Ct. at 2158, for legal support.  In *Alleyne*, the Supreme Court overruled its previous decision in *Harris v. United States*, 536 U.S. 545 (2002). *Alleyne*, 133 S. Ct. at 2155.  In *Harris*, the Supreme Court had held that judicial factfinding that increases the mandatory minimum sentence does not violate the Constitution.  *Harris*, 536 U.S. at 568–69.

*Alleyne*, standing alone, is not enough to provide Mazzio with the relief he seeks. Because Mazzio filed a § 2255 motion in 2004, the current motion is his second.  For a second or successive motion under 28 U.S.C. § 2255 to be considered by a district court, a panel of our court must first certify that the motion contains either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244.  Because the motion contains no suggestion of newly discovered evidence, we must determine whether *Alleyne* announced "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2255(h)(2).

"[A] new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive."  *Tyler v. Cain*, 533 U.S. 656, 663 (2001).  Even assuming that

---

[1]Mazzio made the same argument in his direct appeal, relying on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which holds that facts that increase the maximum sentence must be submitted to the jury.  *See Mazzio*, 48 F. App'x at 127.  Mazzio argued that *Apprendi*'s rule should similarly be applied to facts that increase the mandatory minimum sentence.  *See id*.  This argument was rejected by this court under the then-existing precedent set by *Harris v. United States*, 536 U.S. 545 (2002).  *See Mazzio*, 48 F. App'x at 128–30.

*Alleyne* announced a new rule,[2] we cannot identify any Supreme Court decision that makes *Alleyne*'s ruling retroactively applicable to cases on collateral review, nor does any language in *Alleyne* suggest that the Supreme Court was making the new rule it announced retroactively applicable to cases on collateral review.[3]  Therefore, any new rule announced in *Alleyne* has not been made retroactive to cases on collateral review by the Supreme Court.

Two types of new rules are automatically retroactive on collateral review—substantive rules that place "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe" and new procedural rules that "are implicit in the concept of ordered liberty."  *Teague v. Lane*, 489 U.S. 288, 311 (1989) (O'Connor, J., plurality opinion) (citations and quotations omitted); *see also Chaidez v. United States*, 133 S. Ct. 1103, 1107 n.3 (2013).  Although "[n]ew *substantive* rules generally apply retroactively" new procedural rules generally do not.  *Schriro v. Summerlin*, 542 U.S. 348, 351–52 (2004) (emphasis in original).  Substantive rules generally "apply retroactively because they 'necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal' or faces a punishment that the law cannot impose on him."  *Id.* at 352 (quoting *Bousley v. United States*, 523 U.S. 614, 620 (1998)).  In contrast, new procedural rules are not generally retroactive because "[t]hey do not produce a class of persons convicted of conduct the law does not make

---

[2]We do not pass on this question, but note that Judge Easterbrook for the Seventh Circuit has stated that "*Alleyne* establishes a new rule of constitutional law."  *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); *see also In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013) (agreeing with the Seventh Circuit's conclusion).

[3]As the Third Circuit has pointed out, "none of the cases the Supreme Court remanded for further proceedings in light of *Alleyne* involved collateral attacks on convictions."  *United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014); *see also United States v. Redd*, 735 F.3d 88, 91 (2d Cir. 2013) ("[N]one of the dozen or so cases that the Supreme Court remanded for further proceedings in light of *Alleyne* involved collateral attacks on convictions.").  *See also Lawler v. United States*, 13-7557, 2014 WL 2011547, \*1 (May 19, 2014) (remanded on direct appeal in light of *Alleyne* and not addressing *Alleyne*'s applicability on collateral review); *Willan v. Ohio*, 134 S. Ct. 1873 (2014) (same); *Greer v. United States*, 134 S. Ct. 1875 (2014) (same); *Johnson v. United States*, 134 S. Ct. 1538 (2014) (same); *O'Neil v. United States*, 134 S. Ct. 223 (2013) (same); *Smarr v. United States*, 133 S. Ct. 2878 (2013) (same); *Shavers v. United States*, 133 S. Ct. 2877 (2013) (same); *Astorga v. Kansas*, 133 S. Ct. 2877 (2013) (same); *Abrahamson v. United States*, 133 S. Ct. 2853 (2013) (same); *Davis v. United States*, 133 S. Ct. 2852 (2013) (same); *Barton v. United States*, 133 S. Ct. 2852 (2013) (same); *Jordan v. United States*, 133 S. Ct. 2852 (2013) (same); *Barnes v. United States*, 133 S. Ct. 2851 (2013) (same); *Mubdi v. United States*, 133 S. Ct. 2851 (2013) (same); *Graham v. United States*, 133 S. Ct. 2851 (2013) (same); *DeLeon v. United States*, 133 S. Ct. 2850 (2013) (same); *Dotson v. United States*, 133 S. Ct. 2848 (2013) (same).  The two additional instances where the Supreme Court has cited *Alleyne* also do not relate to retroactive application of new rules to successive petitions.  *See Burrage v. United States*, 134 S. Ct. 881, 887 (2014) (citing *Alleyne* to support the finding that facts that increase the minimum and maximum sentence are elements that must be submitted to the jury); *United States v. Kebodeaux*, 133 S. Ct. 2496, 2514 & n.3 (2013) (Thomas, J., dissenting) (quoting *Alleyne*'s holding that the "legally prescribed range is the penalty affixed to the crime.").

criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." *Id*. Moreover, allowing retroactive effect of new procedural rules will place a great burden on "the States to marshal resources in order to keep in prison defendants whose trials and appeals conformed to then-existing constitutional standards." *Teague*, 489 U.S. at 310. "Because of this more speculative connection to innocence," *Summerlin*, 542 U.S. at 352, courts give retroactive effect to only "watershed rules of criminal procedure" which "'alter our understanding of the *bedrock procedural elements* that must be found to vitiate the fairness of a particular conviction.'" *Teague*, 489 U.S. at 311 (quoting *Mackey v. United States*, 401 U.S. 667, 693 (1971) (Harlan, J., concurring)).

*Alleyne* does not fall into either *Teague* exception because it is not a substantive rule and it also does not meet the high standard for new rules of criminal procedure.[4] Comparing *Alleyne* to *Ring v. Arizona*, 536 U.S. 584 (2002), is instructive. In *Ring*, the Supreme Court held that "[c]apital defendants . . . are entitled to a jury determination of any fact on which the legislature conditions an increase in their maximum punishment." *Id.* at 589. The Supreme Court then considered whether *Ring* was applicable to cases on collateral review and concluded that it was not. *Summerlin*, 542 U.S. at 358. The Supreme Court's reasoning in *Summerlin* that *Ring*'s rule requiring factfinding by a jury rather than a judge is not substantive, *see id.* at 354–55, indicates that *Alleyne*'s rule is similarly procedural rather than substantive. Moreover, the Supreme Court's conclusion that *Ring* is not a watershed procedural decision, because "judicial factfinding" does not create "an 'impermissibly large risk' of punishing conduct the law does not reach," *Summerlin*, 542 U.S. at 355–56 (quoting *Teague*, 489 U.S. at 312), similarly forecloses the possibility that *Alleyne* can be considered a watershed procedural decision. We must conclude that *Alleyne* falls into neither *Teague* category. *Cf. United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014) ("The *Alleyne* decision does not fit into either [*Teague*] category."); *United States v. Redd*, 735 F.3d 88, 91 (2d Cir. 2013) ("*Alleyne* falls within neither [*Teague*] category.").

---

[4]This Court has recognized *Alleyne* is an extension of *Apprendi*, *see United States v. Johnson*, 732 F.3d 577, 584 (6th Cir. 2013), and that *Apprendi* does not satisfy the *Teague* exceptions because it is not a watershed rule retroactively applicable to 28 U.S.C. § 2255 motions. *Goode v. United States*, 305 F.3d 378, 382, 385 (6th Cir. 2002).

We now hold that *Alleyne* does not apply retroactively to cases on collateral review. This holding squares with both the holdings from our sister circuits, s*ee, e.g.*, *Winkelman*, 746 F.3d at 136; *Redd*, 735 F.3d at 92; *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); *In re Payne*, 733 F.3d 1027, 1029–30 (10th Cir. 2013), and with the one unpublished decision in this circuit that briefly considered this question, *see Rogers v. United States*, -- F. App'x --, 2014 WL 1272121, at *3 (6th Cir. 2014). Because *Alleyne* did not announce "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2255(h)(2), it cannot be the basis for authorizing a district court to hear a second or successive § 2255 motion.

## III. CONCLUSION

For the foregoing reasons, we DENY Mazzio's motion for permission to file a second or successive § 2255 petition.