**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KENNETH HOON,

    Defendant - Appellant.

No. 14-8027
(D.C. Nos. 1:14-CV-00023-NDF and
2:05-CR-00270-WFD-2)
(D. Wyo.)

**ORDER**

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

Mr. Kenneth Hoon was convicted in federal court on drug charges and sentenced to 151 months' imprisonment. After unsuccessfully appealing, Mr. Hoon filed a motion to vacate the sentence under 28 U.S.C. § 2255, and the district court denied his motion as untimely. Mr. Hoon seeks a certificate of appealability to appeal the district court's order, alleging reliance on *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151 (2013). According to Mr. Hoon, *Alleyne* involved a new rule of constitutional law, creating an exception to the limitations period. Mr. Hoon's argument would be rejected by any reasonable

jurist because it is grounded on a misconception of § 2255. Thus, we decline to issue a certificate of appealability and dismiss the appeal.

## Standard for a Certificate of Appealability

To appeal, Mr. Hoon needs a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). To obtain the certificate, Mr. Hoon must show that reasonable jurists could find the district court's decision on timeliness debatable or wrong. *See Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007).

## Timeliness and 28 U.S.C. § 2255(f)(3)

A one-year period of limitations exists. 28 U.S.C. § 2255(f) (2012). This period ordinarily starts when the conviction became final. *Id.* § 2255(f)(1). Mr. Hoon's conviction became final 90 days after the termination of his appeal. *See United States v. Burch*, 202 F.3d 1274, 1279 (10th Cir. 2000). Therefore, the limitations period would ordinarily have started in March 2008 and ended in March 2009. But the § 2255 motion was not filed until 2014.

Mr. Hoon seeks to avoid the limitations bar by invoking 28 U.S.C. § 2255(f)(3) (2012). This provision applies when the movant relies on a constitutional rule newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3) (2012).

2

## The *Alleyne* Decision

In *Alleyne v. United States*, the Supreme Court held that any fact that increases a mandatory minimum is an element that must be decided by the jury. *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151, 2155, 2163-64 (2013). By newly recognizing this constitutional right, the Supreme Court's decision satisfies part of § 2255(f)(3). *See In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013).[1] But Mr. Hoon must also satisfy the remaining requirement in § 2255(f)(3): the existence of a past holding that the newly recognized constitutional right is retroactively applicable to cases on collateral review.

No court has treated *Alleyne* as retroactive to cases on collateral review. *See United States v. Reyes*, __ F.3d __, 2014 WL 2747216 (3d Cir. June 18, 2014) (to be published) (holding that *Alleyne* does not apply to cases on collateral review); *In re Mazzio*, __ F.3d __, 2014 WL 2853722, at *2-3 (6th Cir. June 24, 2014) (to be published) (same holding); *Susinka v. United States*, __ F. Supp. 2d __, 2014 WL 1998242, at *8 (N.D. Ill. May 14, 2014) (to be published) (same holding); *Barrow v. United States*, __ F. Supp. 2d __, 2013 WL 6869654, at *1, 5

---

[1] In *Payne*, we addressed a statutory restriction on second or successive motions under § 2255. *In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013). This restriction also involves reliance on a new constitutional rule made retroactive to cases on collateral review. 28 U.S.C. § 2255(h)(2) (2012). But the statutory restriction in *Payne* requires acknowledgment of retroactivity in a Supreme Court decision. *Id.* Unlike that restriction, § 2255(f)(3) does not expressly require a Supreme Court holding on retroactivity. *See United States v. Sanders*, 247 F.3d 139, 146 n.4 (4th Cir. 2001). We need not decide whether § 2255(f)(3) requires a Supreme Court determination on retroactivity.

(D. P.R. Nov. 21, 2013) (to be published) (same holding). As a result, the district court held that § 2255(f)(3) does not apply.

This holding could not be questioned by any reasonable jurist. Section 2255(f)(3) applies only if a new constitutional rule has been held applicable to cases on collateral review, and no court has treated *Alleyne* as retroactively applicable on collateral review. Thus, § 2255(f)(3) does not apply and all reasonable jurists would conclude that the § 2255 motion was untimely. In these circumstances, we decline to issue a certificate of appealability and dismiss the appeal.

Entered for the Court


Robert E. Bacharach
Circuit Judge