**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 20, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
—————————————————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CARRIE MARIE NEIGHBORS,

    Defendant - Appellant.

No. 15-3020
(D.C. Nos. 2:13-CV-02239-CM and
2:07-CR-20124-CM-1)
(D. Kansas)

—————————————————

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]
—————————————————

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.

—————————————————

    Carrie Marie Neighbors, a federal prisoner proceeding pro se,[1] seeks to appeal the district court's dismissal in part and denial in part of her motion to reconsider the denial of relief under 28 U.S.C. § 2255. For the reasons explained below, we deny a certificate of appealability (COA), conclude Ms. Neighbors is not authorized to file a second or successive petition in the district court, and dismiss the matter.

---

    [*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [1] Because Ms. Neighbors appears pro se, we liberally construe her filings. *Yang v. Archuleta*, 525 F.3d 925, 927 (10th Cir. 2008); *Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002).

## I.  BACKGROUND

A jury convicted Ms. Neighbors in 2010 of wire fraud, money laundering, and related conspiracy charges. The United States District Court for the District of Kansas sentenced her to 97 months in prison. Ms. Neighbors appealed, and we affirmed her conviction and sentence. *United States v. Neighbors*, 457 F. App'x 785 (10th Cir. 2012).

Ms. Neighbors, through habeas counsel, filed in the district court a § 2255 petition attacking the validity of her conviction and sentence. She claimed her trial counsel was ineffective for, among other things, failing to object to the Presentence Report's loss calculation because it included the gross, not net, profits of the illegal enterprise in contravention of *United States v. Santos*, 553 U.S. 507, 509 (2008) (holding that when the government alleges that the defendant laundered the "proceeds" of an illegal gambling business, the government must prove that the laundering transactions involved the profits of the business, rather than its gross receipts). She also claimed that her sentence was procedurally unreasonable because it was calculated in violation of *Alleyne v. United States*, ___ U.S.___, 133 S. Ct. 2151 (2013) (holding that any fact that increases a mandatory minimum sentence for a crime is an "element" of the crime, not a "sentencing factor," that must be submitted to jury), that the district court erred in failing to appoint new counsel, and that her right to a speedy trial was violated.

The district court denied relief. It concluded Ms. Neighbors could not establish counsel was deficient under *Strickland v. Washington*, 466 U.S. 668 (1984), and that although *Alleyne* was decided while her habeas case was pending, it was not made retroactively applicable to cases on collateral review. The district court further concluded

2

she was procedurally-barred from bringing the other claims, including the speedy trial claim, because they were not raised in her direct appeal. In denying Ms. Neighbors habeas relief, the court also noted she had referenced other claims for relief in her initial habeas petition, but these claims were conclusory, unsupported, and abandoned because they were not argued in her opening brief.[2]

Ms. Neighbors subsequently filed a motion asking the district court to reconsider its denial of her § 2255 petition, asserting that her appellate counsel was ineffective for failing to raise her speedy trial claims. In addition, she reframed her argument related to the loss calculation. Rather than argue that her trial counsel was ineffective for failing to object to the use of gross profit figures for the purposes of calculating loss at sentencing, Ms. Neighbors claimed her conviction should be vacated because the government failed to allege and prove net profits as an essential element of money laundering as required by *Santos*. Ms. Neighbors also asserted that the government had committed fraud and tampered with evidence at trial and during the direct appeal. Finally, she claimed that habeas counsel committed fraud by filing a memorandum of law that was different from the memorandum she approved. According to Ms. Neighbors, the memorandum she approved included the claims the district court later deemed abandoned.

The district court considered Ms. Neighbors's filing as a "mixed motion," i.e. one that contained claims under Federal Rule of Civil Procedure 60, as well as second or

---

[2] These claims alleged trial counsel was ineffective for failing to object to the admission of allegedly false evidence, for failing to challenge the chain of custody of evidence introduced by the prosecution, and for failing to incorporate an investigator's interviews into Ms. Neighbors's defense.

successive habeas claims. *See Spitznas v. Boone*, 464 F.3d 1213, 1217 (10th Cir. 2006) (explaining the difference between true Rule 60(b) claims and second or successive claims). It rejected Ms. Neighbors's allegations of fraud in the habeas proceeding on the merits and dismissed the remaining claims, concluding it lacked jurisdiction to consider them because they were second or successive claims and Ms. Neighbors had not obtained permission from this court to file them.

Ms. Neighbors filed a notice of appeal of the district court's order dismissing in part and denying in part her motion to reconsider, and also filed with this court a combined opening brief and application for a COA. Specifically, she again argues that the government failed to allege and prove net profits as a required element of money laundering and that there was insufficient evidence to support the loss calculation used at sentencing. She also asserts that the district court should have considered whether there was a violation of her right to a speedy trial, and realleges her claims that the government committed fraud on the trial court and that her habeas counsel committed fraud on the habeas court.[3]

---

[3] On a related note, Ms. Neighbors filed a motion to compel the government to supplement the record on appeal by submitting the Grand Jury transcript for the Second Superseding Indictment in this case. According to Ms. Neighbors, the Grand Jury transcript reveals that the government purposefully presented the Second Superseding Indictment when it did to avoid having to prove net, rather than gross, profits because the indictment was presented two weeks after the Court decided *United States v. Santos*, 553 U.S. 507, 509 (2008). Ms. Neighbors implies that this tactical decision was fraudulent.

This argument makes little sense, especially since Ms. Neighbors claims the government filed the Second Superseding Indictment *after Santos* was issued. In any event, the Grand Jury transcript is unnecessary to resolve the issues on appeal, and we therefore deny Ms. Neighbors's motion to compel.

## II.   ANALYSIS

We first examine Ms. Neighbors's application for a COA and determine she is not entitled to a COA to appeal the district court's denial in part and dismissal in part of her motion to reconsider. Second, we construe Ms. Neighbors's combined opening brief and application for a COA as a request to file a second or successive petition and deny her permission with respect to her speedy trial claim, the government's failure to allege or establish net profits as an essential element of her money laundering conviction, her challenge to the loss calculation, and her allegations of fraud at trial and on direct appeal.

### A.  Application for a COA

Ms. Neighbors must obtain a COA to pursue an appeal of the district court's ruling on her motion to reconsider. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008) (holding a federal prisoner must obtain a COA to appeal a district court's dismissal of an unauthorized second or successive motion under § 2255 for lack of jurisdiction); *Spitznas*, 464 F.3d at 1218 (holding a COA is required to appeal the denial of a Rule 60(b) motion in a habeas case). To obtain a COA, Ms. Neighbors must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Ms. Neighbors has not carried this burden.

With respect to Ms. Neighbors's claim that habeas counsel committed fraud in the habeas proceeding, the district court correctly treated this claim as a true Rule 60 claim. *See Spitznas*, 464 F.3d at 1216 (holding that a motion asserting fraud or other defect in

5

the integrity of the federal habeas proceeding may constitute a true 60(b) motion). Once the district court construed Ms. Neighbors's claim as a true Rule 60 claim, it had the authority to consider and reject it on the merits. *See id.* at 1217. We review the district court's denial of a Rule 60 claim for an abuse of discretion. *See Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248 (10th Cir. 2007); *United States v. Buck*, 281 F.3d 1336, 1342–43 (10th Cir. 2002).

Here, Ms. Neighbors has not established that reasonable jurists would debate whether the district court's decision to deny her Rule 60 claim of fraud by habeas counsel was an abuse of discretion. As the district court acknowledged, Rule 60(b) permits a court to relieve a party from a final judgment for "fraud . . . misrepresentation, or misconduct by an opposing party," or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(3), (b)(6). Likewise, Rule 60(d)(3) recognizes a court's power to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944). The district court correctly rejected Ms. Neighbors's claims under Rule 60(b) and (d) in this case. As the court correctly noted, the plain language of Rule 60(b)(3) requires that the fraud be committed by an opposing party, and there was nothing to indicate that habeas counsel's conduct constituted an "extraordinary circumstance" that would otherwise justify relief under Rule 60(b)(6). *See* Fed. R. Civ. P. 60(b)(3) (permitting a court to relieve a party from a final judgment where there is "fraud . . . by an opposing party"); *Davis*, 507 F.3d at 1248 (recognizing that relief "is extraordinary and may only be granted in exceptional circumstances."); *cf. Klapprott v. United States*, 335 U.S. 601, 613 (1949) (concluding that relief was justified

6

under Rule 60(b)(6) where the petitioner was deprived of any reasonable opportunity to defend against the charges).

The district court was also correct that Ms. Neighbors's allegation that habeas counsel omitted certain claims from the memorandum of law does not constitute the type of fraud governed by Rule 60(d)(3). Even assuming habeas counsel's filing of the memorandum was fraudulent, it was a fraud perpetrated on Ms. Neighbors, not the district court. *See Buck*, 281 F.3d at 1342 ("Fraud on the court . . . is fraud which is directed to the judicial machinery itself . . . ."); *Weese v. Shukman*, 98 F.3d 542, 552–53 (10th Cir. 1996) ("[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated," rises to the level of fraud on the court). Therefore, reasonable jurists would not debate the correctness of the district court's resolution of Ms. Neighbors's claims of fraud in the habeas proceeding and she is not entitled to a COA to appeal the district court's decision on this issue.

Likewise, Ms. Neighbors has not established that jurists of reason would debate that the district court properly dismissed Ms. Neighbors's claims for ineffective assistance of counsel, speedy trial violations, the government's failure to allege or establish net profits, the sufficiency of the evidence supporting the loss amount, or fraud on the trial and appellate court. The district court correctly concluded that these claims are second or successive habeas claims because they all attacked the integrity of Ms. Neighbors's underlying conviction and sentence rather than a procedural error in the habeas proceeding. *See United States v. Nelson*, 465 F.3d 1145, 1147–49 (10th Cir. 2006)

7

(holding a Rule 60(b) motion is a second or successive § 2255 motion if it challenges the defendant's conviction or sentence rather than a procedural error in the previous § 2255 proceeding). As the district court recognized, Ms. Neighbors's motion to reconsider was devoted primarily to rearguing the underlying merits of these claims, and to the extent Ms. Neighbors also alleged government misconduct or fraud during the trial or on direct appeal, these claims also attack the integrity of the underlying criminal proceeding. *See United States v. Baker*, 718 F.3d 1204, 1207 (10th Cir. 2013) ("a motion alleging fraud on the court in a defendant's criminal proceeding must be considered a second-or-successive collateral attack because it asserts or reasserts a challenge to the defendant's underlying conviction"). Because the district court correctly construed these claims as second or successive habeas claims, it was required to dismiss them because it lacked the jurisdiction to consider them in the absence of certification from this court. *See* 28 U.S.C. § 2255(h) (requiring a second or successive motion to be certified by the appropriate appellate court before it can be filed in the district court); *Nelson*, 465 F.3d at 1148 ("if the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading").

For these reasons, Ms. Neighbors is not entitled to a COA to pursue her appeal challenging the district court's denial in part and dismissal in part of her motion to reconsider.

### B. *Application for Request to File a Second or Successive Petition*

Having decided Ms. Neighbors is not entitled to a COA to appeal the district court's resolution of her motion to reconsider for lack of jurisdiction, we exercise our

discretion to treat her appeal as a petition for permission to file a second or successive petition. *Spitznas*, 464 F.3d at 1219 n.8. In particular, we consider whether Ms. Neighbors should be permitted to pursue the following second or successive claims: (1) the government violated her right to a speedy trial and her appellate counsel was ineffective for failing to raise the issue; (2) the government committed fraud on the trial and appellate court; (3) the government failed to establish net profits as an essential element of her money laundering conviction, and (4) there was insufficient evidence to support the loss calculation used at sentencing.

To receive authorization to file a successive application, Ms. Neighbors must show either

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Ms. Neighbors has failed to satisfy these requirements.

With respect to her speedy trial and fraud on the trial and appellate court claims, Ms. Neighbors points to no newly discovered evidence that would establish by clear and convincing evidence that no reasonable jury would have found her guilty of the crimes charged, nor has she shown that either claim involves a new rule of constitutional law made retroactively applicable to her case. Likewise, her loss calculation claim is targeted at the length of her sentence, not the validity of her conviction, and she has identified no

9

new rule of constitutional law that would retroactively apply here.[4] Finally, Ms. Neighbors's claim that the government failed to establish net profits as an essential element of her money laundering conviction does not present grounds to file a second or successive petition. As with her other claims, Ms. Neighbors directs our attention to no newly discovered evidence that would establish by clear and convincing evidence that no reasonable factfinder would have found her guilty of money laundering. And the case to which she directs our attention, *Santos*, is not a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. *Santos* was issued in 2008, prior to Ms. Neighbors's conviction.

In sum, even considering Ms. Neighbors's combined opening brief and application for COA as a request for authorization to file a second or successive petition, we deny Ms. Neighbors permission to pursue these claims.

### III.    CONCLUSION

For the foregoing reasons, we deny Ms. Neighbors's application for a COA. We also construe Ms. Neighbors's combined opening brief and application for a COA as a request to file a second or successive petition, which we deny. We also deny her motion to compel the government to supplement the record on appeal. But we grant her motion

---

[4] Recall that in her initial § 2255 petition, Ms. Neighbors challenged her loss calculation on the grounds that it violated *Alleyne v. United States*, ___ U.S.___, 133 S. Ct. 2151 (2013), which the Supreme Court decided while Ms. Neighbors's first habeas petition was pending. She did not raise this argument in her motion to reconsider, nor does she cite it in her combined opening brief and application for COA. Even if she had, it would nevertheless be unavailing because, as the district court recognized, *Alleyne* does not apply retroactively. *See In re Payne*, 733 F.3d 1027, 1029–30 (10th Cir. 2013).

for leave to proceed on appeal without prepayment of costs and fees. This matter is dismissed.

ENTERED FOR THE COURT

Carolyn B. McHugh
Circuit Judge