FILED
United States Court of Appeals
Tenth Circuit

October 6, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOSE PEREZ-CARRERA,

　　　　　　Petitioner - Appellant,

v.

M.A. STANCIL, Warden,

　　　　　　Respondent - Appellee.

No. 15-1189
(D.C. No. 1:15-CV-00463-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.

After pleading guilty to bank robbery, gun, and other federal charges, Jose Perez-Carrera unsuccessfully pursued many different collateral challenges to his sentence over the course of many years. All these efforts took place in the First Circuit where his plea was received. *See Perez-Carrera v. United States*, No. 12-1716, 2014 WL 68794 (D.P.R. Jan. 8, 2014) (summarizing the proceedings). Failing those efforts in that circuit he now seeks relief in this one, where he is

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

incarcerated.  Normally, of course, a federal defendant must seek relief from a conviction or sentence under 28 U.S.C. § 2255 in the circuit of his conviction. But Mr. Perez-Carrera claims he is entitled to relief in this court under 28 U.S.C. § 2241.  And it's true enough that a party may seek relief in the circuit of his incarceration under § 2241 when he can establish that § 2255's remedy is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  But like the district court we do not see how that might be the case here.

To be sure, Mr. Perez-Carrera says that his sentence is illegal in light of *Alleyne v. United States*, 133 S. Ct. 2151 (2013).  He suggests, too, that he cannot pursue an *Alleyne* argument in the First Circuit under § 2255 because *Alleyne* isn't available to those (like him) who seek to pursue second or successive § 2255 motions since that decision did not announce "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," as defined by § 2255(h)(2).  *See generally In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013).  But despite some slight variations in the circuits over the optimal reading of § 2255(e), we know of no court decision holding that § 2255(h)(2)'s restriction on the retroactive effect of new constitutional decisions in second or successive § 2255 motions automatically and alone renders that statutory scheme inadequate or ineffective to test the legality of a prisoner's detention and permit resort to § 2241:  indeed, such a reading would threaten to render § 2255(h)(2) surplusage.

Neither does Mr. Perez-Carrera attack the existing § 2255 statutory regime as unconstitutional. *See generally Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *Prost v. Anderson*, 636 F.3d 578, 586, 591 (10th Cir. 2011).

Finally and in any event, Mr. Perez-Carrera hasn't shown how he might prevail even if he were allowed to proceed under § 2241. He says his sentence is illegal in light of *Alleyne*. But in *Alleyne* the Supreme Court held that a fact triggering a mandatory minimum sentence is one to which a jury trial right normally attaches under the Sixth Amendment. And in his underlying criminal case Mr. Perez-Carrera waived his right to trial by jury and doesn't explain how, given that, *Alleyne* might aid him. Neither does he explain what mandatory minimum triggering fact the district court found in his case. Certainly the district court's cognizance of his guilty plea doesn't qualify as an exercise of impermissible judicial fact-finding under *Alleyne*. And while we must construe his pro se pleadings liberally, we are not free to devise other possible new alternative arguments for Mr. Perez-Carrera that he does not pursue for himself. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

The judgment of the district court is affirmed. Mr. Perez-Carrera's motion to proceed *in forma pauperis* is denied and he is reminded that he must pay the

filing fee in full.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge