**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ERIC JASON SPEARS,

    Petitioner - Appellant,

v.

SCOTT CROW,

    Respondent - Appellee.

No. 20-5074
(D.C. No. 4:19-CV-00405-CVE-FHM)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES**, and **BACHARACH**, Circuit Judges.
_____

Eric Jason Spears, an Oklahoma prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254

habeas petition. We deny Spears's request for a COA and dismiss this matter.

## I.  Background

An Oklahoma state-court jury convicted Spears of first-degree murder in 2013.

The trial court sentenced him to life without the possibility of parole. He appealed his

conviction and sentence to the Oklahoma Court of Criminal Appeals, which affirmed and

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

denied his petition for rehearing on August 13, 2015. Spears did not file a petition for a writ of certiorari in the United States Supreme Court.

During and after his direct appeal, Spears filed many other proceedings in Oklahoma state courts challenging his conviction, sentence, or both. None of these actions succeeded. Then, on July 19, 2019, he filed a habeas petition in the district court under § 2254.

The Respondent filed a motion to dismiss, asserting 28 U.S.C. § 2244(d)'s one-year limitations period barred Spears's petition. Spears rejoined with a brief pressing several arguments that the statute did not bar his petition. The district court entered an order addressing Spears's arguments and dismissing his petition as time-barred. Spears seeks to appeal the district court's order.

## II.  Discussion

Spears must obtain a COA before he can appeal the district court's dismissal of his § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A); *Slack v. McDaniel*, 529 U.S. 473, 482 (2000). When a district court denies a habeas petition solely on procedural grounds, a petitioner must show, among other things, "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. In other words, Spears "must show that reasonable jurists could find the district court's decision on timeliness debatable or wrong." *United States v. Hoon*, 762 F.3d 1172, 1173 (10th Cir. 2014). He failed to shoulder that burden.

"The first task of an appellant is to explain to us why the district court's decision was wrong." *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015); *see*

2

*generally Hernandez v. Starbuck*, 69 F.3d 1089, 1093 (10th Cir. 1995) (observing we are

"not required to manufacture an appellant's argument on appeal" and emphasizing that

the appellant "bears the burden of demonstrating the alleged error" in the district court's

decision (internal quotation marks omitted)).  Spears's pro se status does not relieve him

of the obligation to point us in the direction of the alleged errors of the district court.  *See*

*Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]his

court has repeatedly insisted that pro se parties follow the same rules of procedure that

govern other litigants." (internal quotation marks omitted)).

Spears repeats the arguments he presented to the district court regarding

timeliness.  But he does not address the district court's rationales for rejecting those

arguments, much less show that jurists of reason could find those rationales debatable.

We have nonetheless reviewed the record and the district court's order and conclude that

jurists of reason could not debate the district court's dismissal of Spears's habeas petition.

We therefore deny his request for a COA.

### III.  Conclusion

We deny Spears's application for a COA and dismiss this matter.

Entered for the Court


Timothy M. Tymkovich
Chief Judge