**In re: Alta Lee KEMPER, Movant.**

**No. 13–50695.**

United States Court of Appeals,
Fifth Circuit.

Sept. 6, 2013.

Alta Lee Kemper, Beaumont, TX, pro se.

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:

Alta Lee Kemper, federal prisoner # 59786–080, moves for authorization to file a successive 28 U.S.C. § 2255 motion challenging his jury conviction for possession with intent to distribute cocaine base and his life sentence. He seeks to raise a claim that the district court violated his Sixth Amendment rights when it enhanced his sentence under U.S.S.G. § 4B1.1.

**212**

To obtain authorization, Kemper must make a prima facie showing that his proposed § 2255 motion relies upon either "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h); 28 U.S.C. § 2244(b)(3)(C).

 According to Kemper, his claim relies on a new rule of law set forth in *Alleyne v. United States,* —— U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), that he contends is retroactively applicable to cases on collateral review. Kemper cites *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), and *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and argues that this combination of decisions demonstrates that the Supreme Court has made *Alleyne* retroactively applicable to cases on collateral review.

In *Alleyne,* the Supreme Court held that any fact that increases a defendant's mandatory minimum sentence must be submitted to a jury to be proved beyond a reasonable doubt. *Alleyne,* 133 S.Ct. at 2163. Only the Supreme Court can render a new rule retroactively applicable to cases on collateral review. *Tyler v. Cain,* 533 U.S. 656, 662–63, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001). *Alleyne* is a direct criminal appeal, *see Alleyne,* 133 S.Ct. at 2155–56, and therefore did not involve a retroactive application of a rule on collateral review. Moreover, the Su-

preme Court did not declare that *Alleyne* applies retroactively on collateral review. Kemper has also failed to show that the Supreme Court has made *Booker, Blakely, Ring,* and *Apprendi* retroactively applicable to cases on collateral review. *See Foster v. Quarterman,* 466 F.3d 359, 369–70 (5th Cir.2006) (stating that *Blakely, Ring,* and *Apprendi* are not retroactively applicable to cases on collateral review); *In re Elwood,* 408 F.3d 211, 213 (5th Cir.2005) (stating that *Booker* is not retroactively applicable to cases on collateral review). Kemper thus has not met the standard to obtain authorization to file a successive § 2255 motion. *See § 2255(h).*

IT IS ORDERED that Kemper's motion for authorization to file a successive § 2255 motion is DENIED.