J-S60043-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| EDWIN ALONZA RHOADES | |
| Appellant | No. 625 MDA 2014 |

Appeal from the PCRA Order March 26, 2014
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0002265-2009

BEFORE: OTT, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:               **FILED DECEMBER 22, 2014**

Edwin Rhoades ("Appellant") appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

Following a jury trial, Appellant was convicted of six counts of possession of a controlled substance with intent to deliver ("PWID"),[1] one count of criminal conspiracy,[2] and one count of criminal use of a communication facility.[3] On May 17, 2011, the trial court sentenced him to

---

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S. § 903.

[3] 18 Pa.C.S. § 7512.

an aggregate sentence of seven to fourteen years' incarceration.[4]  After the trial court denied his post-sentence motions, Appellant timely appealed.

This Court affirmed Appellant's judgment of sentence on October 10, 2012.  The Supreme Court of Pennsylvania denied his Petition for Allowance of Appeal on April 10, 2013.

Appellant filed a timely *pro se* PCRA petition on July 22, 2013. Appointed counsel filed an amended PCRA petition on December 10, 2013, alleging that **Alleyne v. United States**, __ U.S. __, 133 S.Ct. 2151 (2013),[5] applies retroactively to his case.  The PCRA court filed a notice of intent to dismiss the PCRA petition without a hearing on March 4, 2014, and dismissed the PCRA petition on March 26, 2014.  Appellant timely appealed

---

[4] The trial court sentenced Appellant to 5 to 10 years' incarceration on five of the six PWID convictions, and a concurrent sentence of 3 to 6 years' incarceration on the remaining PWID conviction.  The trial court further sentenced Appellant to a consecutive 2 to 4 years' incarceration on the conspiracy conviction and a concurrent 1 to 2 years' incarceration on the criminal use of a communication facility conviction.  Although the sentencing order does not explicitly note that the 5 to 10 year sentences were the relevant mandatory minimums, the trial court stated at sentencing that "the court is persuaded that the adequate weight was established through the course of the trial, . . . concerning the weight of the cocaine involved such that the mandatories as set forth in the presentence investigative report are appropriate."  N.T. 5/17/2011.  The court then sentenced Appellant to the corresponding mandatory minimums on the PWID convictions.  **See** N.T. 5/17/2011, pp. 33-39.

[5] In **Alleyne**, the Supreme Court of the United States held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt."  **Alleyne**, 133 S.Ct. at 2155.

and complied with Pa.R.A.P. 1925(b). The PCRA court complied with Pa.R.A.P. 1925(a) on June 4, 2014.[6]

On appeal, Appellant presents the following issue for our review:

I.  Did the trial court err in dismissing PCRA Petitioner's request for a new sentencing trial due to the imposing of mandatory minimum sentence under 18 [Pa.C.S.] § 7508 [] where:

i.  [Appellant] did not waive his right to a jury trial on the issue of whether the cocaine he possessed was between 10 grams and 100 grams so as to require the trial court to impose the mandatory minimum 3 year sentence on Count 5 and the mandatory 5 year sentence on Counts 6 through 11;

ii.  These facts were established by the trial court by a preponderance of the evidence rather than by proof beyond a reasonable doubt; and

iii.  The lack of a jury determination beyond a reasonable doubt or a knowing and intelligent waiver of that right contravenes the rule announced in ***Apprendi v. New Jersey***, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) as explained in ***Alleyne v. United States***, 133 S. Ct. 2151, 186 L. Ed. 314 (2013)?

Appellant's Brief, p. 4.

In reviewing an order denying PCRA relief, our well-settled standard of review is "to determine whether the determination of the PCRA court is

_____

[6] To explain its denial of Appellant's PCRA petition, the PCRA court's 1925(a) opinion adopted the reasoning of its February 25, 2014 opinion. The February 25, 2014 opinion purported to deny the PCRA petition. This opinion, however, preceded the PCRA court's March 4, 2014 Pa.R.Crim.P. 907 notice of intent to dismiss and the March 26, 2014 order that dismissed Appellant's PCRA petition. Although this sequence is somewhat unorthodox, we find it acceptable because the PCRA court afforded Appellant the protections of Rule 907.

supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-192 (Pa.Super.2013) (internal quotations and citations omitted).

In essence, Appellant argues that *Alleyne* applies retroactively to cases on collateral review. *See* Appellant's Brief, pp. 12-15. This argument is unconvincing.

A new rule of constitutional law announced by the Supreme Court of the United States is not made retroactive to cases on collateral review unless the Supreme Court of the United States or the Pennsylvania Supreme Court has held it to be retroactive. *Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 502 (Pa.2002). Further, our Supreme Court has held that "[a] retroactivity determination must exist at the time the petition is filed." *Id.*

In *Alleyne*, the Supreme Court of the United States did not address whether the holding would apply to cases on collateral review. Moreover, the Supreme Court of the United States has not issued a decision giving *Alleyne* retroactive effect; nor has the Pennsylvania Supreme Court. Federal circuit courts[7] that have addressed the issue have determined that *Alleyne* does not apply retroactively to cases on collateral review. *See*

---

[7] The holdings of federal circuit courts are not binding on this Court, but may serve as persuasive authority. *Commonwealth v. Haskins*, 60 A.3d 538, 548 n.9 (Pa.Super.2012).

*United States v. Reyes*, 755 F.3d 210 (3d Cir. 2014), *United States v. Winkleman, et al.*, 746 F.3d 134 (3d Cir. 2014), *In re Payne*, 733 F.3d 1027 (10th Cir. 2013), *In re Kemper*, 735 F.3d 211 (5th Cir. 2013) (all holding *Alleyne* is not retroactively applicable to cases on collateral review); *see also Simpson v. United States*, 721 F.3d 875 (7th Cir. 2013) (noting that *Alleyne* is an extension of the case law established by *Apprendi*, which the Supreme Court has not applied retroactively to cases on collateral appeal).

Ultimately, the PCRA court dismissed Appellant's PCRA petition because *Alleyne* does not apply to cases on collateral review. *See* Opinion and Order, February 25, 2014, p. 3. We find no legal error in this determination. Accordingly, we affirm the PCRA court's order dismissing Appellant's PCRA petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/22/2014

- 5 -



BUUUOYWZ     CCGPRO 201401

## IN THE COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA    :
    :
        v.    :    No. CP-14-CR-2265-2009
    :
EDWIN A. RHOADES    :

*Attorney for the Commonwealth:*    *Christopher J. Schmidt, Esquire*
*Attorney for the Defendant:*    *David Crowley, Esquire*

## OPINION AND ORDER

### KISTLER, J.

Presently before this Court is the Amended Post Conviction Relief Act Petition (hereinafter "PCRA Petition") filed by Edwin A. Rhoades (hereinafter "Petitioner") on December 10, 2013. On January 9, 2014, a conference on the PCRA Petition was held, and the Commonwealth filed an Answer to the PCRA Petition on January 16, 2014. After a thorough review of the record, the Court determines the PCRA Petition is DENIED.

Petitioner's Amended PCRA Petition argues trial counsel was ineffective for not raising claims at trial, the rights to these claims being established by the United States Supreme Court case of *Alleyne v. United States*, 133 S. Ct. 2151 (2013). Petitioner requests a new sentencing trial because Petitioner did not waive his right to a jury trial on the issue of the weight of cocaine he possessed, and that these facts were established by a preponderance of the evidence rather than reasonable doubt.[1] The Commonwealth counters that *Alleyne* occurred after direct appellate review of Petitioner's sentence was completed, and due to the fact that *Alleyne* has not been held to apply retroactively to cases on collateral review, Petitioner is therefore not entitled to post-

---

[1] Petitioner was convicted following a jury trial of six counts of Possession With Intent to Deliver A Controlled Substance, one count of Conspiracy to Possess With Intent to Deliver, and one count of Criminal Use of a Communication Facility.

conviction relief. The Court agrees with the Commonwealth.

Pursuant to the Post Conviction Relief Act, Petitioner is entitled to relief on these claims if he proves by a preponderance of the evidence:

> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
> > (i) currently serving a sentence of imprisonment, probation or parole for the crime;
> > (ii) awaiting execution of a sentence of death for the crime; or
> > (iii) serving a sentence which must expire before the person may commence serving the disputed sentence.
> (2) That the conviction or sentence resulted from . . .
> > (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
> (3) That the allegation of error has not been previously litigated or waived.
> (4) That the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel.

42 Pa.C.S.A. § 9543. Petitioner was convicted of a crime under the laws of Pennsylvania, and he is currently serving his sentence at a state correctional institution. Additionally, Petitioner's allegations of error have not been previously litigated or waived. However, Petitioner's PCRA Petition must fail under the fourth prong, as the claims Petitioner raises did not exist at the time of Petitioner's trial.

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

*Commonwealth v. Natividad*, 938 A.2d 310 (Pa. 2007).

In *Alleyne*, the Supreme Court held that any fact that increases a mandatory minimum sentence for a crime is an "element" of the crime, which must be submitted to a jury and found beyond a reasonable doubt. *Alleyne v. United States*, 133 S.Ct. 2151, 2155 (2013). In the

2

Pennsylvania Superior Court case of *Commonwealth v. Munday*, the Court applied *Alleyne* and vacated a defendant's sentence where the case was before the Court on direct appeal and the defendant's Alleyne claims were presented for the first time on appeal. *Commonwealth v. Munday*, 78 A.3d 661, 664 (Pa. Super. Ct. 2013). A decision was issued in *Alleyne* after Petitioner's case was decided and after direct appellate review was completed. Although there does not appear to be any Pennsylvania Superior or Supreme Court cases specifically addressing whether *Alleyne* must be applied retroactively to matters raised on collateral review, the Court does not believe retroactive application of Alleyne was intended. *See Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) ("The Court resolved *Alleyne* on direct rather than collateral review. It did not declare that its new rule applies retroactively on collateral attack."); *In re Kemper*, 735 F.3d 211, (5th Cir. 2013) ("*Alleyne* is a direct criminal appeal, and therefore did not involve a retroactive application of a rule on collateral review. Moreover, the Supreme Court did not declare that *Alleyne* applies retroactively on collateral review.) Because the Court determines *Alleyne* is not applied retroactively to claims raised on collateral review, Petitioner's trial counsel cannot be found ineffective for not raising claims under *Alleyne* at his trial. Applying the above standard of review to the pertinent actions of Petitioner's trial Attorney, Philip Masorti, the Court finds Petitioner has not proven his claim for ineffective assistance of counsel.

## **ORDER**

AND NOW, this 25th day of February, 2014, Petitioner's Amended Petition for Post-Conviction Collateral Relief is hereby **DENIED**.

BY THE COURT:

_____

Thomas King Kistler, President Judge

3