# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10694
c/w No. 14-10702

United States Court of Appeals
Fifth Circuit

**FILED**

November 12, 2015

Lyle W. Cayce
Clerk

In re: JAMIE PERKINS,

Movant

Motions for an order authorizing
the United States District Court for the
Northern District of Texas, Dallas to consider
a successive 28 U.S.C. § 2255 motion

Cons. w/No. 14-10801

No. 14-10801
USDC No. 3:14-CV-2183
USDC No. 3:97-CR-55-21

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JAMIE PERKINS,

Defendant - Appellant

Appeals from the United States District Court for the
Northern District of Texas, Dallas

No. 14-10694
c/w No. 14-10702
c/w No. 14-10801

Before DAVIS, JONES, and HAYNES, Circuit Judges.

PER CURIAM:*

In this consolidated matter, Jamie Perkins, federal prisoner # 46483-177, seeks a certificate of appealability (COA) to challenge a district court's order transferring his 28 U.S.C. § 2255 motion to this court as an unauthorized second or successive § 2255 motion to vacate, set aside, or correct sentence. Perkins also seeks authorization to file a successive § 2255 motion. In these various motions, Perkins seeks to challenge his guilty plea conviction on, as relevant here, several weapons-related charges for which the district court sentenced him to 10 years of imprisonment on a charge involving a shotgun and 20 years of imprisonment on a charge involving a pistol. In connection with his claims, Perkins also seeks appointment of counsel and leave to amend his motions for authorization to file a successive § 2255 motion.

We have recently held that the transfer of an unauthorized § 2255 motion is not a final order under 28 U.S.C. § 2253(c)(1)(B) and, therefore, Perkins does not need to obtain a COA to appeal the district court's transfer of his § 2255 motion. *See United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015). Nonetheless, we have also recently rejected the contention Perkins makes here that his § 2255 motion is not successive because he filed it after he was resentenced under 18 U.S.C. § 3582(c)(2) which occurred after Perkins filed his first § 2255 motion. *See United States v. Jones*, 796 F.3d 483, 486 (5th Cir. 2015). We therefore affirm the district court's transfer of Perkins's § 2255 motion to this court based on it being a successive motion.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10694
c/w No. 14-10702
c/w No. 14-10801

We may authorize the filing of such a successive § 2255 motion only if Perkins makes a prima facie showing that his proposed claims rely on either (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole," would establish by clear and convincing evidence that no reasonable factfinder would have found her guilty of the offense; or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see* 28 U.S.C. § 2244(b)(3)(C); *Reyes-Requena v. United States*, 243 F.3d 893, 897-98 (5th Cir. 2001). Perkins does not assert that he has newly discovered evidence, and we have rejected his contention that *Alleyne v. United States*, 133 S. Ct. 2151 (2013), is retroactively applicable to cases on collateral review. *See In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013). Our holding in *Kemper* applies equally to Perkins's proposed new claim in his motion to amend the motion for leave to file a successive § 2255 motion, and his proposed amendment is therefore futile. *See* 735 F.3d at 212. Perkins has not made the required showing under § 2244(b)(3)(C) for authorization to file a successive § 2255 motion.

IT IS ORDERED that Perkins's motion for a COA in matter no. 14-10801 is DENIED as unnecessary, his motions for authorization to file a second or successive § 2255 motion in matters no. 14-10694 & 14-10702 are DENIED under §2255(h), his motion for leave to amend his motion for authorization to file a successive § 2255 motion is DENIED as futile, his motion for appointment of counsel is DENIED likewise, and the district court's transfer of Perkins's unauthorized successive § 2255 motion in matter no. 14-10801 is AFFIRMED.