J-S09036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTOINE MAURICE BLACK | |
| Appellant | No. 965 MDA 2015 |

Appeal from the PCRA Order April 28, 2015
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003493-2010

BEFORE:  PANELLA, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED FEBRUARY 02, 2016**

Antoine Maurice Black ("Appellant") appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

On December 4, 2012, a jury convicted Appellant of possession of a controlled substance with intent to deliver ("PWID"),[1] possession of drug paraphernalia,[2] and related offenses.[3]  On January 17, 2013, the trial court sentenced Appellant to an aggregate prison term of 3 to 6 years, followed by

---

[1] 35 P.S. § 780-113(a)(30).

[2] 35 P.S. § 780-113(a)(32).

[3] Appellant was also convicted two summary offenses: (1) driving while operating privilege suspended or revoked, 75 Pa.C.S. § 1543(a), and (2) turning movements and required signals, 75 Pa.C.S § 3334(a).

one year of probation.  This Court affirmed Appellant's judgment of sentence on November 15, 2013.  Appellant did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania.

Appellant filed a timely PCRA petition on November 23, 2013 ("first PCRA petition").  The PCRA court appointed counsel, who filed a **Turner**[4]/**Finley**[5] no-merit letter.  The PCRA court then filed a notice of intent to dismiss the first PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907 and denied the petition on January 22, 2014.  Appellant filed a notice of appeal on February 18, 2014.[6]  This Court affirmed the dismissal of Appellant's first PCRA petition on November 18, 2014, and Appellant did not file a petition for allowance of appeal to the Supreme Court.[7]

_____

[4] **Commonwealth v. Turner**, 544 A.2d 927 (Pa.1988).

[5] **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super.1988).

[6] The underlying docket indicates that Appellant was "appealing [u]nknown [d]ate of an unknown order."  Court of Common Pleas of Dauphin County, Docket No. CP-22-CR-0003493-2010, p. 15.  The docket continues to note that, despite the lack of an appealable order, the Dauphin County prothonotary transmitted the record to the Superior Court per the order of the PCRA judge.

[7] Appellant filed a second PCRA petition on September 4, 2014, during the pendency of the appeal of the first PCRA petition.  As a result, on November 24, 2014, the PCRA court dismissed the second PCRA petition for lack of jurisdiction.

On December 14, 2014,[8] Appellant filed the instant PCRA petition, his third, claiming the trial court's application of a mandatory minimum sentence rendered his sentence illegal.  The PCRA court appointed counsel, who filed a *Turner*/*Finley* no-merit letter on March 25, 2015.  The PCRA court dismissed Appellant's third PCRA petition on April 28, 2015.  This timely appeal followed.[9]

On appeal, Appellant presents the following issue for our review:

> 1.  WHETHER THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO AN ILLEGAL SENTENCE WHERE IT SENTENCE[D] PURSUANT TO Pa.C.S.[] § 7508(a)(3)([i])[?]

Appellant's Brief, p. 4.

Our well-settled standard of review for orders denying PCRA relief is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the

---

[8] The Dauphin County Clerk of Courts time stamped Appellant's third PCRA petition on December 24, 2014.  Appellant, however, dated the petition's certificate of service on December 14, 2014.  As Appellant is incarcerated, he receives the benefit of the prisoner mailbox rule for timeliness purposes. *Commonwealth v. Patterson*, 931 A.2d 710, 714 (Pa.Super.2007) ("Pursuant to the prisoner mailbox rule, we deem a document filed on the day it is placed in the hands of prison authorities for mailing").  Accordingly, we find his third PCRA petition timely filed.

[9] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-192 (Pa.Super.2013) (internal quotations and citations omitted).

In essence, Appellant argues that ***Alleyne v. United States***, __ U.S. __, 133 S.Ct. 2151 (2013), applies retroactively to cases on collateral review. ***See*** Appellant's Brief, p. 8. This argument is unconvincing.

A new rule of constitutional law announced by the Supreme Court of the United States is not made retroactive to cases on collateral review unless the Supreme Court of the United States or the Pennsylvania Supreme Court has held it to apply retroactively. ***Commonwealth v. Abdul-Salaam***, 812 A.2d 497, 502 (Pa.2002). Further, our Supreme Court has held that "[a] retroactivity determination must exist at the time the petition is filed." ***Id.***

In ***Alleyne***, the Supreme Court of the United States did not address whether the holding would apply to cases on collateral review. Moreover, the Supreme Court of the United States has not issued a decision giving ***Alleyne*** retroactive effect; nor has the Pennsylvania Supreme Court. This Court has ruled that ***Alleyne*** is not to be applied retroactively to cases in which the judgment of sentence has become final. ***See Commonwealth v. Miller***, 102 A.3d 988, 995 (Pa.Super.2014). Likewise, federal circuit courts[10] that have addressed the issue have determined that ***Alleyne*** does

---

[10] The holdings of federal circuit courts are not binding on this Court, but may serve as persuasive authority. ***Commonwealth v. Haskins***, 60 A.3d 538, 548 n.9 (Pa.Super.2012).

not apply retroactively to cases on collateral review. *See United States v. Reyes*, 755 F.3d 210 (3d Cir. 2014), *United States v. Winkleman, et al.*, 746 F.3d 134 (3d Cir. 2014), *In re Payne*, 733 F.3d 1027 (10th Cir. 2013), *In re Kemper*, 735 F.3d 211 (5th Cir. 2013) (all holding *Alleyne* is not retroactively applicable to cases on collateral review); *see also Simpson v. United States*, 721 F.3d 875 (7th Cir. 2013) (noting that *Alleyne* is an extension of the case law established by *Apprendi v. New Jersey*, 530 U.S. 466, 468, 120 S. Ct. 2348, 2351 (2000),[11] which the Supreme Court has not applied retroactively to cases on collateral appeal).

As a result, we find no legal error in the PCRA court's dismissal of Appellant's third PCRA petition because *Alleyne* does not apply to cases on collateral review. *See* 1925(a) Opinion, p. 4.

Even if *Alleyne* were properly applied retroactively to collateral appeals, the result would not change because *Alleyne* is inapplicable to the instant petition. The fact of a prior conviction is an exception to the prohibition against judicial fact finding at the time of sentencing. *See Commonwealth v. Watley,* 81 A.3d 108, 117 (Pa.Super.2013) (discussing, *inter alia, Alleyne*, *Apprendi*, and *Commonwealth v. Aponte,* 855 A.2d

---

[11] In *Apprendi*, the Supreme Court of the United States determined that "[*o*]*ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 466 U.S. at 490 (emphasis provided).

800 (Pa.2004)[12]).   Appellant faced a mandatory minimum sentence based solely on a prior conviction.   Therefore, his mandatory minimum sentence does not implicate **Alleyne**.

Accordingly, we affirm the PCRA court's order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/2/2016

---

[12] In **Aponte**, the Pennsylvania Supreme Court explained, "[w]here . . . the judicial finding is a fact of a prior conviction, submission to a jury is unnecessary, since the prior conviction is an objective fact that was initially cloaked in all the constitutional safeguards and is now a matter of public record." **Aponte**, 855 A.2d at 811.  The Court observed that "[t]he fact of a prior conviction stands alone; it does not require a presumption—it either exists as a matter of public record or it does not." **Id.**