# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40192
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 26, 2016

Lyle W. Cayce
Clerk

DANIEL ALMONTE,

Petitioner-Appellant

v.

H. VASQUEZ, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:14-CV-552

Before JOLLY, PRADO, and ELROD, Circuit Judges.

PER CURIAM:[*]

Daniel Almonte, federal prisoner # 04322-748, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for habeas corpus relief. Almonte argued in the district court that the sentencing court erred in finding that his statutory mandatory minimum sentence for the subject offense was enhanced from 10 to 20 years pursuant to 21 U.S.C. § 851. Specifically, Almonte averred that his prior conviction was a misdemeanor and, as such,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40192

§ 851—which only applies to prior *felony* convictions—could not have been the basis for an increase in his statutory mandatory minimum sentence from 10 to 20 years.  As a result, Almonte argued that he was "actually innocent" of his 20-year sentence and that relief was appropriate under the savings clause of 28 U.S.C. § 2255(e).  In support, Almonte relied on *Alleyne v. United States*, 133 S. Ct. 2151 (2013), wherein the Supreme Court held that any fact that increases a defendant's mandatory minimum sentence must be presented to a jury and found beyond a reasonable doubt.  *Id.* at 2158.  According to Almonte, because the fact of his prior conviction was never adjudicated beyond a reasonable doubt by a jury, the sentencing court's application of § 851 to his sentence was unconstitutional and contrary to the Supreme Court's holding in *Alleyne*.

The district court denied relief, concluding that Almonte failed to meet the requirements of the savings clause under § 2255(e), which allows a federal prisoner to challenge his conviction under § 2241 if the remedies provided by § 2255 are "inadequate or ineffective to test the legality of his detention." When addressing the denial of a § 2241 petition, we review the district court's factual findings for clear error and its conclusions of law de novo.  *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

A petitioner seeking to establish that his § 2255 remedy was inadequate or ineffective must make a claim "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

2

No. 15-40192

Almonte fails to make the required showing for relief under § 2255(e) for the following reasons. First, prior to *Alleyne*, the Supreme Court stated in *Almendarez-Torres v. United States* that, for the purposes of sentencing enhancements, a prior conviction is not a fact that must be found by a jury beyond a reasonable doubt. 523 U.S. 224, 239-47 (1998). In *Alleyne*, the Supreme Court explained that its holding did not disturb the *Almendarez-Torres* exception. *Alleyne*, 133 S. Ct. at 2160 n.1. *A fortiori*, this court has held that, for the purpose of applying the § 851 sentencing enhancement, the question of whether a defendant had a prior felony conviction is not required to be submitted to a jury. *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014). Second, this court has specifically held that the Supreme Court's holding in *Alleyne* is not retroactive. *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013). Finally, Almonte's actual innocence claim is unavailing. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013); *Foster v. Quarterman*, 466 F.3d 359, 367-68 (5th Cir. 2006).

The judgment of the district court is AFFIRMED. The motion to supplement the brief is DENIED.