**Michigan Supreme Court**
**Lansing, Michigan**

# Syllabus

Chief Justice:
Stephen J. Markman

Justices:
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement

This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.

Reporter of Decisions:
Kathryn L. Loomis

PEOPLE v BARNES

Docket No. 156060. Decided July 9, 2018.

In 2002, Timothy Barnes was convicted of second-degree murder, MCL 750.317, and other offenses. On direct appeal, the Court of Appeals affirmed his convictions and the Supreme Court denied leave to appeal. In 2008, defendant moved in the trial court for relief from judgment, and the trial court denied the motion. The Court of Appeals and the Supreme Court denied leave to appeal. After this Court's decision in *People v Lockridge*, 498 Mich 358 (2015), defendant again moved for relief from judgment in the Wayne Circuit Court under MCR 6.502(G)(2), arguing that because his sentence was imposed when the legislative sentencing guidelines were mandatory, he should be resentenced in light of *Lockridge*, which held that the guidelines are now only advisory. The court, Mark T. Slavens, J., denied the motion and defendant appealed. The Court of Appeals dismissed the delayed application for leave to appeal under MCR 6.502(G)(1), reasoning that no appeal may be taken from the denial or rejection of a successive motion for relief from judgment. Defendant applied for leave to appeal.

In a unanimous per curiam opinion, the Supreme Court, in lieu of granting leave to appeal and without hearing oral argument, *held*:

The new rules of law regarding sentencing announced in *Lockridge* and *Alleyne v United States*, 570 US 99 (2013)—the decision on which the *Lockridge* decision was based—apply prospectively only in state collateral review proceedings.

1. In general, judicial decisions that express new rules are not applied retroactively to other cases that have become final; accordingly, new rules are generally not applied to criminal cases receiving collateral review. However, in some circumstances, a new rule of law will be applied retroactively to a criminal case receiving collateral review. Under MCR 6.502(G)(2), a defendant may file a second or subsequent motion for relief from judgment based on a retroactive change in law that occurred after the first motion for relief from judgment. There are separate federal and state tests for determining whether a new rule of law should be applied retroactively to a case on collateral review.

2. Under federal retroactivity jurisprudence, a new legal rule may be applied on collateral review to an otherwise closed case when the rule involves (1) a new substantive rule of constitutional law, that is, a rule forbidding certain primary conduct or a rule prohibiting a

certain category of punishment for a class of defendants because of their status or offense; or (2) a new watershed rule of criminal procedure that implicates the fundamental fairness and accuracy of the criminal proceeding. A case announces a new rule when it breaks new ground or imposes a new obligation on the states or the federal government; a new rule is one not dictated by then-existing precedent. In this case, *Lockridge* articulated a new rule of law. The *Lockridge* decision was based on *Alleyne*, which had overruled existing precedent, indicating that *Alleyne* also established a new rule of law. However, the *Alleyne* decision did not create a substantive rule of constitutional law because it did not apply to primary conduct or to a particular class of defendant; instead, the new rule adjusted how the sentencing process functions once any defendant is convicted of a crime. The *Alleyne* rule was not a new watershed rule of criminal procedure because the rule did not implicate the accuracy of a defendant's conviction; instead, the *Alleyne* rule established a procedural rule related to the sentencing process that was entitled to prospective application only. Accordingly, the new rule of law announced in *Alleyne* was not entitled to retroactive application under federal law.

3. But the remedy a state court chooses to provide its citizens for violations of the Federal Constitution is primarily a question of state law. To determine whether a new rule of law applies retroactively in Michigan on collateral review, courts must consider: (1) the purpose of the new rule, (2) the general reliance on the old rule, and (3) the effect on the administration of justice. The new rule announced in *Lockridge* was not relevant to the ascertainment of guilt or innocence of a defendant and did not implicate the integrity of the fact-finding process, making it amenable to prospective application only. Moreover, the bench and bar manifestly relied on the mandatory sentencing guidelines from 1999 until the *Lockridge* decision in 2015, meaning there would be an incalculable effect on the administration of justice if the *Lockridge* rule was extended retroactively on collateral review. In light of these state retroactivity factors, *Lockridge* applied prospectively only on collateral review. In this case, because the new rules of law in *Alleyne* and *Lockridge* applied prospectively only on collateral review, the trial court correctly denied defendant's motion for relief from judgment for failing to articulate a retroactive change in law that could be applied to his case.

Affirmed.

©2018 State of Michigan

# OPINION

Chief Justice:
Stephen J. Markman

Justices:
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement

FILED July 9, 2018

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v                              No. 156060

TIMOTHY L. BARNES,

      Defendant-Appellant.

_____

BEFORE THE ENTIRE BENCH

PER CURIAM.

In 2002, defendant Timothy Barnes was convicted of second-degree murder, MCL 750.317, and other offenses. On direct appeal, the Court of Appeals affirmed his convictions, and this Court denied leave to appeal. *People v Barnes*, 472 Mich 866 (2005). In 2008, defendant moved in the trial court for relief from judgment. The trial court denied the motion. The Court of Appeals and this Court denied leave to appeal. *People v Barnes*, 488 Mich 869 (2010). Defendant has now filed another motion for

relief from judgment, arguing that, because his sentence was imposed when the legislative sentencing guidelines were mandatory, he should be resentenced now that this Court has held in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), that the guidelines are advisory only.[1]  Ordinarily, successive motions for relief from judgment are barred by MCR 6.502(G)(1), which allows, "after August 1, 1995, one and only one motion for relief from judgment [to] be filed with regard to a conviction."  The trial court denied defendant's motion on that basis.  On appeal, defendant argues that the trial court erred and that his motion falls within one of the exceptions in MCR 6.502(G)(2), which allows a "subsequent motion [for relief from judgment] based on a retroactive change in law that occurred after the first motion for relief from judgment . . . ."  As explained in this opinion, *Lockridge* does not have retroactive effect for sentences receiving collateral review under MCR 6.500, and so we affirm.

Ordinarily, "judicial decisions are to be given complete retroactive effect."  *Hyde v Univ of Mich Bd of Regents*, 426 Mich 223, 240; 393 NW2d 847 (1986).  But judicial decisions which express new rules normally are not applied retroactively to other cases that have become final.  "New legal principles, even when applied retroactively, do not apply to cases already closed," because "at some point, 'the rights of the parties should be considered frozen' and a 'conviction . . . final.' "  *Reynoldsville Casket Co v Hyde*, 514 US 749, 758; 115 S Ct 1745; 131 L Ed 2d 820 (1995), quoting *United States v Estate of*

---

[1] Even if defendant's argument that *Lockridge* applies to his sentence were correct, he would only be entitled to a remand to the trial court for *possible* resentencing.  See *Lockridge*, 498 Mich at 395-399, citing *United States v Crosby*, 397 F3d 103, 117-118 (CA 2, 2005).

*Donnelly*, 397 US 286, 296; 90 S Ct 1033; 25 L Ed 2d 312 (1970) (Harlan, J., concurring). Thus, as to those cases that have become final, the general rule allows only prospective application. However, there are "certain special concerns—related to collateral review of state criminal convictions—that affect" how courts determine whether a case should be considered closed. *Reynoldsville Casket Co*, 514 US at 758. In essence, these "special concerns" amount to exceptions to the general rule of nonretroactivity for closed cases, allowing a new legal rule to be applied on collateral review to an otherwise closed case. Both federal and state rules govern the retroactive application of new legal principles to criminal cases that are otherwise final but subject to collateral review.

The federal standard for retroactivity under these circumstances was most recently laid out in *Montgomery v Louisiana*, 577 US ___; 136 S Ct 718, 728; 193 L Ed 2d 599 (2016):

> Justice O'Connor's plurality opinion in *Teague v. Lane*, 489 U.S. 288[; 109 S Ct 1060; 103 L Ed 2d 334] (1989), set forth a framework for retroactivity in cases on federal collateral review. Under *Teague*, a new constitutional rule of criminal procedure does not apply, as a general matter, to convictions that were final when the new rule was announced. *Teague* recognized, however, two categories of rules that are not subject to its general retroactivity bar. First, courts must give retroactive effect to new substantive rules of constitutional law. Substantive rules include "rules forbidding criminal punishment of certain primary conduct," as well as "rules prohibiting a certain category of punishment for a class of defendants because of their status or offense." *Penry v. Lynaugh*, 492 U.S. 302, 330[; 109 S Ct 2934; 106 L Ed 2d 256] (1989); see also *Teague*, [489 US] at 307. . . . Second, courts must give retroactive effect to new " ' "watershed rules of criminal procedure" implicating the fundamental fairness and accuracy of the criminal proceeding.' " [*Schriro v Summerlin*, 542 US 348, 352; 124 S Ct 2519; 159 L Ed 2d 442 (2004)]; see also *Teague*, 489 U.S. at 312-313.

3

"Thus, the first question under *Teague* is whether the rule in [*Lockridge*] constitutes a new rule." *People v Maxson*, 482 Mich 385, 388; 759 NW2d 817 (2008). In *Maxson*, we surveyed the caselaw to summarize how to go about identifying a "new rule":

> "[A] case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government." *Penry v Lynaugh*, 492 US 302, 314; 109 S Ct 2934; 106 L Ed 2d 256 (1989) (citation omitted). Deciding whether a rule is "new" requires a court to determine "whether 'a state court considering [the defendant's] claim at the time his conviction became final would have felt *compelled* by existing precedent to conclude that the rule [he] seeks was required by the Constitution.' " *O'Dell v Netherland*, 521 US 151, 156; 117 S Ct 1969; 138 L Ed 2d 351 (1997) (emphasis added and citations omitted). If a reasonable jurist would not have felt compelled by existing precedent, then the rule is new. *Beard v Banks*, 542 US 406, 413; 124 S Ct 2504; 159 L Ed 2d 494 (2004). In other words, the relevant question is not simply whether existing precedent might have *supported* the rule, but whether the rule "was *dictated* by then-existing precedent." *Id*. at 413 (emphasis in original). [*Maxson*, 482 Mich at 388-389 (quotation marks omitted; alterations in original).]

We conclude that *Lockridge* articulated a new rule under this standard. *Lockridge* itself was based on *Alleyne v United States*, 570 US 99; 133 S Ct 2151; 186 L Ed 2d 314 (2013). In *Alleyne*, *id*. at 103, the Supreme Court of the United States overruled its previous decision in *Harris v United States*, 536 US 545; 122 S Ct 2406; 153 L Ed 2d 524 (2002), so *Alleyne* clearly was not compelled by existing precedent. And we have previously stated that *Alleyne* established a new rule of law, albeit not while reviewing whether our *Lockridge* rule applies retroactively. See *People v Carp*, 496 Mich 440, 491; 852 NW2d 801 (2014) ("[Defendant's] argument relies on the new rule adopted in *Alleyne* . . . ."). Our decision in *Carp* was vacated on unrelated grounds, *Davis v*

4

*Michigan*, ___ US ___; 136 S Ct 1356 (2016), but we agree with the several federal courts that have concluded that *Alleyne* articulated a new rule.[2]

Having established that *Alleyne* created a new rule of law, we must determine whether either of the exceptions to the general rule of prospective-only application is applicable to this criminal case receiving collateral review. The first exception is whether the rule is a "substantive rule of constitutional law," defined as a rule forbidding certain primary conduct or a rule prohibiting a certain category of punishment for a class of defendants because of their status or offense. *Montgomery*, 577 US at ___; 136 S Ct at 728. The rule here does not satisfy this exception because it applies neither to primary conduct nor to a particular class of defendants but rather adjusts how the sentencing process functions once any defendant is convicted of a crime. The second exception is whether the new rule is a "watershed rule" of criminal procedure. *Id*. at ___; 136 S Ct at 728. "In order to qualify as watershed, a new rule must . . . be necessary to prevent an

---

[2] See *Butterworth v United States*, 775 F3d 459, 465 (CA 1, 2015) ("Our conclusion that *Alleyne* was a new rule brings us into accord with the other circuit courts to have decided the issue."); *United States v Reyes*, 755 F3d 210, 212 (CA 3, 2014) ("[T]oday we clarify that *Alleyne* did indeed announce a new rule."); *In re Payne*, 733 F3d 1027, 1029 (CA 10, 2013) ("*Alleyne* actually does set forth a new rule of constitutional law . . . .") (quotation marks and citation omitted); *Simpson v United States*, 721 F3d 875, 876 (CA 7, 2013) ("*Alleyne* establishes a new rule of constitutional law."). See also *Commonwealth v Washington*, 636 Pa 301, 314; 142 A3d 810 (2016) ("There is presently no controversy concerning the proposition that *Alleyne* sets forth a new rule of constitutional law."); *State v Large*, 234 Ariz 274, 280; 321 P3d 439 (Ariz App, 2014) ("*Alleyne* presented a new rule of constitutional law."). Several federal courts have decided not to decide whether *Alleyne* established a "new rule" for purposes of retroactivity analysis. See *In re Sams*, 830 F3d 1234, 1241 (CA 11, 2016); *Walker v United States*, 810 F3d 568, 574 (CA 8, 2016); *Hughes v United States*, 770 F3d 814, 819 (CA 9, 2014); *In re Mazzio*, 756 F3d 487, 489 n 2 (CA 6, 2014); *United States v Redd*, 735 F3d 88, 91 (CA 2, 2013).

impermissibly large risk of an inaccurate conviction . . . [and] alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding." *Whorton v Bockting*, 549 US 406, 418; 127 S Ct 1173; 167 L Ed 2d 1 (2007), quoting *Schriro*, 542 US at 356 (quotation marks omitted). The rule here does not satisfy this exception either, because it has *nothing* to do with the accuracy of a conviction.[3] Our conclusion that *Alleyne* is not entitled to retroactive application under the *Teague* framework is consistent with our remarks in *Carp*, 496 Mich at 491, that we were not "persuaded" "that *Alleyne* established a substantive rule entitled to retroactive application," meaning we "treat[ed] the rule in *Alleyne* as a procedural rule entitled only to prospective application." As noted, *Carp* was vacated on unrelated grounds, but federal courts have also consistently held that *Alleyne* is only prospective.[4]

---

[3] It is also worth noting that since *Teague*, the Supreme Court of the United States "ha[s] rejected every claim that a new rule satisfied the requirements for watershed status." *Whorton*, 549 US at 418. "Although the precise contours of this exception may be difficult to discern, [the Supreme Court of the United States has] usually cited *Gideon v Wainwright*, 372 US 335[; 83 S Ct 792; 9 L Ed 2d 799] (1963), holding that a defendant has the right to be represented by counsel in all criminal trials for serious offenses, to illustrate the type of rule coming within the exception." *Saffle v Parks*, 494 US 484, 495; 110 S Ct 1257; 108 L Ed 2d 415 (1990).

[4] See *United States v Olvera*, 775 F3d 726, 730 (CA 5, 2015); *Butterworth*, 775 F3d at 468 ("We therefore conclude that the rule announced in *Alleyne* is not retroactively applicable to sentences on collateral review . . . ."); *Hughes*, 770 F3d at 819 ("The Supreme Court did not make *Alleyne* expressly retroactive, and Hughes has not shown that it was made retroactive by multiple Supreme Court holdings."); *United States v Hoon*, 762 F3d 1172, 1173 (CA 10, 2014) ("No court has treated *Alleyne* as retroactive to cases on collateral review. . . . This holding could not be questioned by any reasonable jurist."); *Jeanty v Warden, FCI-Miami*, 757 F3d 1283, 1285 (CA 11, 2014) ("*Alleyne* does not apply retroactively on collateral review."); *Mazzio*, 756 F3d at 491 ("*Alleyne* does not fall into either *Teague* exception because it is not a substantive rule and it also does not meet the high standard for new rules of criminal procedure."); *United States v*

Yet the fact that *Alleyne* (on which *Lockridge* was based) does not apply retroactively on collateral review does not end the analysis. "[T]he remedy a state court chooses to provide its citizens for violations of the Federal Constitution is primarily a question of state law." *Danforth v Minnesota*, 552 US 264, 288; 128 S Ct 1029; 169 L Ed 2d 859 (2008). Consequently, we must also consider whether our *Lockridge* decision applies retroactively on state-law grounds. Our state-law test was set out in *People v Hampton*, 384 Mich 669; 187 NW2d 404 (1971).[5] We consider: "(1) the purpose of the new rule; (2) the general reliance on the old rule; and (3) the effect on the administration of justice."[6] As to purpose, the new rule "is not relevant to the ascertainment of guilt or innocence and does not implicate the integrity of the fact-finding process," meaning "it is

---

*Winkelman*, 746 F3d 134, 136 (CA 3, 2014) ("[W]e now hold that *Alleyne* cannot be applied retroactively to cases on collateral review."); *Redd*, 735 F3d at 92 ("*Alleyne* did not announce a new rule of law made retroactive on collateral review."). See also *Commonwealth v Riggle*, 119 A3d 1058, 1067; 2015 Pa Super 147 (2015) ("*Alleyne* . . . is not substantive. Nor does *Alleyne* constitute a watershed procedural rule."); *United States v Stewart*, 540 F Appx 171, 172 n * (CA 4, 2013) ("*Alleyne* has not been made retroactively applicable to cases on collateral review."); *Simpson*, 721 F3d at 876 ("[T]he decision [on retroactivity] is the Supreme Court's, not ours, to make. Unless the Justices themselves decide that *Alleyne* applies retroactively on collateral review, we cannot authorize a successive collateral attack . . . .").

[5] The state-law test in *Hampton* was derived from *Linkletter v Walker*, 381 US 618; 85 S Ct 1731; 14 L Ed 2d 601 (1965). *Linkletter* was subsequently disavowed as the federal standard for retroactivity in *Griffith v Kentucky*, 479 US 314; 107 S Ct 708; 93 L Ed 2d 649 (1987), but we recognized the *Hampton*/*Linkletter* standard's continued viability as the state-specific standard in *People v Sexton*, 458 Mich 43, 60-61; 580 NW2d 404 (1998).

[6] It is worth noting that "[t]he second and third factors can be dealt with together, because the amount of past reliance will often have a profound effect upon the administration of justice." *Hampton*, 384 Mich at 677.

7

amenable to prospective application."[7] *People v Sexton*, 458 Mich 43, 62-63; 580 NW2d 404 (1998). Moreover, it is manifest that there was widespread, indeed statewide, reliance by the bench and bar[8] on the mandatory sentencing guidelines scheme, which was applied by legislative dictate to almost all felonies in Michigan from January 1, 1999, MCL 769.34(2), until our *Lockridge* decision. As we acknowledged in *Lockridge*, 498 Mich at 372, this Court had expressly held in *People v Drohan*, 475 Mich 140; 715 NW2d 778 (2006), that *Alleyne*'s predecessors "did not apply to Michigan's sentencing scheme at all," and until *Lockridge* was decided, there was no reason not to continue applying the mandatory sentencing guidelines. Because of this general reliance on the old rule, the effect on the administration of justice to extend the *Lockridge* rule retroactively on collateral review would be incalculable, with potentially every criminal defendant sentenced in at least the last 19 years being eligible for relief. Consequently, we hold that *Lockridge* will be given only prospective application on collateral review.

Defendant's conviction became final for purposes of appellate review over 10 years before *Lockridge* was decided. Because neither *Alleyne* nor *Lockridge* qualify for

---

[7] While we conclude that all of the state retroactivity factors support prospective application only, we note that when the first factor "strongly supports one side or the other of the retroactivity question," it is to be afforded "heightened weight," meaning "the second and third factors would need to favor retroactive application to a substantial degree" to overcome the first factor. *Carp*, 496 Mich at 502-503, citing *Michigan v Payne*, 412 US 47, 55; 93 S Ct 1966; 36 L Ed 2d 736 (1973).

[8] Defendant in his application makes no argument whatsoever about his own reliance on the old rule. "To be considered to have detrimentally relied on the old rule, a defendant must have relied on the rule . . . and have suffered harm as a result of that reliance." *Maxson*, 482 Mich at 394. Defendant shows no reliance at all, let alone *detrimental* reliance, on the old rule.

the extraordinary remedy of retroactive application to cases on collateral review, we affirm the trial court's decision to deny defendant's motion for relief from judgment for failing to articulate a retroactive change in law that can be applied to his case.

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement

9